(No. 12282.—Reversed and remanded.)

THE ROCK ISLAND BRIDGE AND IRON WORKS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (JAMES McQUAID, Admr., Defendant in Error.)

*Opinion filed April 15, 1919.*

1. WORKMEN'S COMPENSATION—*who is a dependent.* In law a dependent is one who is sustained by another or relies upon another for support or for reasonable necessaries consistent with the dependent's position in life.

2. SAME—*question of dependency is one of fact.* The question of dependency, and the extent of it, under the Workmen's Compensation act is a question of fact, with the decision of which by the Industrial Commission the courts cannot interfere if there is evidence tending to sustain the finding.

3. SAME—*dependency which justifies an award is a personal dependency.* The dependency which justifies an award under the Workmen's Compensation act is a personal dependency for support and maintenance consistent with the dependent's position in life, and it does not include the maintenance of others whom the dependent is under no legal obligation to support, or contributions which merely enable the donee to accumulate money.

4. SAME—*when award for partial dependency is without basis.* Proof that the deceased resided with his father and mother and paid $50 a month to his mother for the expenses of the family, the father contributing $40 per month, does not justify an award to the mother on the basis of fifty-six per cent dependency, where the proof also shows that two adult sisters of the deceased were members of the family, and, although employed, did not pay for board or contribute to the living expenses; but the finding of partial dependency entitles the claimant to the minimum award.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

J. C. M. CLOW, and C. J. SEARLE, for plaintiff in error.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error was sued out by the Rock Island Bridge and Iron Works to reverse a judgment of the circuit court of Rock Island county quashing a writ of *certiorari* to review an award made by the Industrial Commission against the plaintiff in error in favor of James McQuaid, administrator of the estate of his son, John McQuaid, an employee of the plaintiff in error, who died on August 12, 1917, from an accidental injury arising out of and in the course of his employment. The commission found that the deceased's wages were $1400 a year; that his mother, Mary McQuaid, was his sole beneficiary and was partially dependent upon him to the extent of fifty-six per cent of total dependency, and was entitled to receive fifty-six per cent of four times his annual wages, being $3136, and made an award of that amount.

The only substantial objection made to the award is that there is no evidence in the record to sustain it. The evidence shows that John McQuaid was twenty-six years old, unmarried, and living in his father's house with his father, mother, two adult sisters and a ten-year-old brother. His father was sixty-three years old, in bad health and did not work. He owned some property and had an income of about $500 a year. He gave his wife $40 a month, the deceased gave her $50 a month, and she paid the household expenses of the family. The daughters worked but contributed nothing to household expenses and paid no board.

The Workmen's Compensation act of 1917 provides that the amount of compensation for an injury resulting

in death, if the deceased leaves no widow, child or totally dependent parent but does leave a partially dependent parent, shall be such proportion of a sum equal to four times the annual earnings of the employee as such partial dependency bears to total dependency, but not less, in any event, than $1650 or more than $3500. In law a dependent is one who is sustained by another or relies for support upon the aid of another, who looks to another for support and relies on another for reasonable necessaries consistent with the dependent's position in life. (*Jackson* v. *Erie Railroad Co.* 86 N. J. L. 550; *Women's Catholic Order of Foresters* v. *Heffernan,* 283 Ill. 429.') Questions of dependency, and the extent of it, are questions of fact, with the decision of which by the commission the courts can not interfere if there is evidence tending to sustain its findings. The evidence tended to show that the mother's only means of support was $90 a month, which she received from her husband and her son. While her husband was under a legal duty to support her, the question whether she actually received all or a part of her support from her son and looked to him for such support is a question of fact, which upon this record is concluded by the finding of the commission that she was partially dependent upon him. There is, however, no evidence which tends to sustain the finding that her dependency was fifty-six per cent of total dependency. The evidence is that she received $90 a month, all of which was expended in paying the expenses of the family of six persons. The dependency which justifies an award is a personal dependency for support and maintenance,—an actual dependency for support consistent with the dependent's position in life. It does not include the maintenance of others whom the dependent is under no legal obligation to maintain or contributions which merely enable the donee to accumulate money. The $50 a month contributed to his mother by the deceased was not given and was not used for her support and maintenance alone.

There is no evidence from which it can be ascertained how much or what proportion either of the $50 or of the $90 was used for the support and maintenance of the mother. The $40 from the husband's income was at least a partial support. The additional $50 was a general benefit to the family, but there is no basis in the evidence for determining what proportion of it was used for the support of the mother and what proportion for general family expenses. There is therefore no basis for the finding that her dependency was fifty-six per cent of total dependency. The finding of partial dependency, whatever its degree, entitled the claimant to the minimum award of $1650.

The facts found were sufficient to constitute the basis for a proper decision, and the judgment of the circuit court is therefore reversed and the cause is remanded, with directions to enter an award for $1650, payable in installments, if the claimant shall elect to accept such award, otherwise to remand the cause to the Industrial Commission for another hearing.

*Reversed and remanded, with directions.*