## ASSOCIATED EMPLOYERS' RECIPROCAL ASS'N v. LAWRENCE et ux.
### (No. 2331.)

(Court of Civil Appeals of Texas. Amarillo. May 14, 1924. Rehearing Denied Oct. 8, 1924.)

**1. Master and servant ⊕�longrightarrow388 — "Partial dependency" of parents held question of fact.**

Where income of surviving parents from their farm was negligible, and father was in ill health and unable to work more than half day at time, appellate court cannot say, as matter of law, that they were not partially dependent on deceased's labor, though their property was sufficient, if sold, to delay period of total dependency.

**2. Master and servant ⊕⟶388 — Amount of employé's contributions held not to show parents were not "partially dependent."**

That contributions of deceased employé to his parents for five or six months before his death were only about $35, *held* not to show, as matter of law, that parents were not dependent on him to such extent, or did not rely on him for any of their means of living.

**3. Parent and child ⊕⟶4 — Parents, not releasing minor son's wages, legally entitled to financial assistance from him.**

Parents, not releasing minor son's wages, are legally entitled to so-called donations by him.

**4. Master and servant ⊕⟶388 — Parents' right to gifts by minor son immaterial on issue of partial dependency.**

Whether parents of minor employé are entitled to so-called donations by him is immaterial, on issue as to their partial dependency on him; real question being whether he made contributions to their support.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by the Associated Employers' Reciprocal Association to set aside an award of compensation by the Industrial Accident Board to T. H. Lawrence and wife, for death of Arthur Lawrence, employé. From a judgment denying relief, plaintiff appeals. Affirmed.

Levy & Evans, of Fort Worth, for appellant.

Engelking & Dotson, of Electra, for appellees.

RANDOLPH, J. This suit was brought by appellant to set aside an award in favor of Lawrence and wife, surviving parents of Arthur Lawrence, deceased, made by the Industrial Accident Board.

[1] The evidence which was taken on the trial of the case shows that Lawrence and wife owned a farm of about 227 acres of land; that they had a few milk cows and some work horses, valued at less than $2,500; that their income from the proceeds of this farm was negligible. It further shows that between the times of his attendance on school the deceased, who was only about 19 years of age at the time of his death, worked on the farm and assisted his father with the cultivation of the crops; that for the three or four years previous to the death of the deceased the boll weevil had destroyed the cotton crop on the place, and that the father was in ill health and unable to work more than half a day at a time. In other words, the evidence clearly discloses that the parents were in a financial condition that would constitute them fit subjects for contribution and assistance, on the part of their deceased son. It does not matter that the parents had property sufficient, if it had been sold, to have delayed the period of total dependency; this would not remove them from partial dependency, their income from their property not being sufficient to support them. Under the facts in this case it may well be said that we cannot, as a matter of law, say that Lawrence and wife were not partially dependent upon the labors of the deceased.

[2] In this case the young son had been of assistance to his father on the farm until he went off to school. On his return he resumed his labor on the farm. About the 1st of April, 1922, he went to Electra, and was killed there some time in September, 1922. After he went to work at Electra he gave money to his mother at two different times; $4 or $5 at one time, and $30 at another time. The appellant questions these contributions as not being sufficient to establish partial dependency or that they relied upon him (the deceased) for any part of their means of living. The fact that they possessed a farm of 227 acres does not conclusively establish that it and the personal property produced a sufficient income to defray their expenses. In fact, the farm appears to have been a liability rather than an asset, and the income therefrom so meager as to indicate a very grave doubt of it paying the actual running expenses, let alone providing an income for its owners. The fact that the contributions were very small does not establish the fact that the parents were not dependent to that extent. The necessity of assistance as to them existed. The boy had been helping in the farm work, and when he went to work for himself his ability to contribute may have been very small, but the contributions were made, and we can make no distinction between money and labor. Though the contributions were small, they may have been very helpful. To one who lives generously such a sum might seem of but small consequence, but to another, who has his back to the wall in an effort to meet expenses, this little help might greatly aid him in bridging the chasm of his actual necessities. In any event, it was just so much toward a living, and the law has

drawn no fine lines beyond which he who needs and accepts contributions for support shall go.

[3, 4] Every assistance given by one who is under no legal obligation to assist is a gift or contribution. Within the short space of six months the deceased had given to his mother approximately $35. She had been accustomed to his assistance in the way of labor on the farm, and had the right to expect to receive his help financially. He was a minor, and not a volunteer. It not appearing that his parents had released his wages, such so-called donations as he made came to them who were entitled under the law to receive them. But this question is immaterial; the real question being: Did he make such contributions to their support? The jury having found that Lawrence and his wife were wholly or partially dependent on deceased for their support, at the time of the accident which resulted in his death, we cannot say as a matter of law that the smallness of the gift or contribution would be a presumption against the legality of such finding. We cite the following cases upon the questions of fact and law in this case, guiding us in our decision: Millers' Indemnity Co. v. Green (Tex. Civ. App.) 237 S. W. 980; Lumbermen's Reciprocal Association v. Warner (Tex. Civ. App.) 234 S. W. 545; same case by Commission of Appeals, 245 S. W. 664; Texas Employers' Insurance Association v. Peterson et ux. (Tex. Civ. App.) 251 S. W. 572.

Having considered appellant's other assignments of error, we fail to find any material error, and hence overrule all of appellant's assignments and affirm the judgment of the trial court.