**POSTAL MUT. INDEMNITY CO. v. PENN.**

No. 5461.

Court of Civil Appeals of Texas. Amarillo.
Sept. 28, 1942.

Rehearing Denied Nov. 2, 1942.

Milburn E. Nutt, of Wichita Falls, for appellant.

Caldwell, Baker & Jordan, of Dallas, Mathis & Caldwell, of Wichita Falls, and Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellee.

## JACKSON, Chief Justice.

This is a compensation suit instituted in the District Court of Wilbarger County by George Penn, the appellee, against the Postal Mutual Indemnity Company, appellant, to recover compensation for the death of his brother, A. T. Penn, who received personal injuries accidentally which resulted in his death while in the course of his employment for Thomas Holcombe, who carried insurance with appellant for the protection of his employees.

No complaint is made of the sufficiency of the pleading or the jurisdictional facts.

The claim to compensation is based on the alleged dependency of appellee upon the financial assistance contributed to him by his deceased brother.

On special issues submitted the jury found that the appellee, George Penn, was dependent, as the term had been defined in the charge, upon A. T. Penn when he died on January 29, 1941; that there were no employees of the same class who worked substantially the whole of a year immedi-

ately preceding January 29, 1941, in the same or similar employment, in the same or a neighboring place; that in fairness and justness to both parties the average wage of the deceased was $40 per week; that the liability should be paid in a lump sum; that the business of appellee, the earnings of himself and wife, together with the contributions of his children, were inadequate to support appellee in accordance with his social position and accustomed mode of life when the deceased died.

The appellant contends that the court committed reversible error in refusing to give its requested peremptory instructions and in denying its motion for judgment non obstante veredicto because the testimony, it asserts, is wholly insufficient to support the finding of the jury that appellee was dependent in whole, or in part, on the deceased A. T. Penn when he was killed.

The parties agreed that A. T. Penn was employed by Thomas Holcombe on January 29, 1941, and, while so employed in the course of his master's business in Wilbarger County, Texas, he received injuries from which he died. It was also agreed that appellant paid to the Merkle Undertaking Company of Wichita Falls the sum of $250, which defrayed the entire funeral expenses of A. T. Penn, deceased.

The testimony is sufficient to support the conclusion that appellee was uneducated and qualified only to make a living for himself and wife by manual labor; that he did this until 1929 when he suffered a severe spell of influenza, was confined to his bed for several months and had never since regained his health and strength to such an extent that he is able to earn money by manual labor and that such condition existed up to the death of A. T. Penn, who was fifty-four years old when he died and appellee was thirteen years older; that in 1935 appellee tried to operate a grocery store consisting of a stock of less than $200 in value with the assistance of his wife, but failed. In 1936 he undertook to run a small restaurant with the help of his wife but he did not succeed. Thereafter, A. T. Penn assisted him financially to put tires on an old automobile and buy razor blades which appellee peddled from house to house but he failed to make a living; that he and his brother inherited some property situated in Petrolia, Texas, about 1925 in which they each owned an undivided one-half interest; that this property was never divided, consisted of two houses and three

lots and about 1930 and 1931, on account of the incapacity of appellee, A. T. Penn allowed him and his wife to collect and retain all the rents from the property; the one-half interest belonging to deceased amounted to $6.50 per month, or $78 per year; that there was no agreement between the brothers that they together would give the rent to the wife of appellee as her separate property; that he and his wife collected the rent, the most of which she did and had continued to do up to the time of the trial; that none of it was ever turned over to or requested by the deceased; that the reason appellee's wife did most of the collecting was due to the inability of appellee to attend to renting the property and collecting the rent; that the deceased gave this rent to appellee and his wife to help defray their living expenses, buy groceries, medicine and other necessaries. Mrs. Hayth, the former wife of deceased, testified that the deceased told her that the rent of the property which he inherited from his mother had been turned over by him to appellee and his wife and that at no time after she married him did the deceased collect the rent but told her that it was collected by George and Julia, appellee and his wife. The testimony also shows that in addition to the rents used by appellee for his support from 1930 until the death of the deceased that he annually received from his younger brother from $150 to $200 per year, consisting of money, clothes, groceries and other necessaries; that A. T. Penn was in the hospital a part of 1939 and about two months in 1940; that he was without money to pay his own expenses but never during that time did he request that he be paid the one-half interest in the collected rent and that soon after he had recovered and shortly before he died he sent his brother $7.50 in money. The testimony of appellee was contradicted by statements he had made about dependency in an affidavit when the money was advanced by appellant to pay the funeral expenses of A. T. Penn, but where a witness contradicts his former testimony it is the province of the jury, and not the court, to determine whether the first or last testimony is true. Pritchard Rice Milling Co. v. Ellis et al., Tex.Civ.App., 266 S.W. 233; Texas Employers' Ins. Ass'n v. Herron et al., Tex.Civ.App., 29 S.W.2d 524. However, aside from the testimony of appellee, his inability to do manual labor and his incapacity to make a living and that contributions were made to him by his deceased brother on which he depended, are sufficiently shown by the evidence of witnesses independent of the testimony of appellee. J. J. Caldwell, C. P. Burgess and C. D. Hall, all disinterested parties, testified to facts and circumstances within their knowledge sufficient to show that appellee was in need of assistance and that A. T. Penn had been contributing to his support for years before his death. Mr. Huddleston and his wife, who is the daughter of appellee, also testified to the need of appellee and the assistance contributed to his support by A. T. Penn, deceased. The date of the contributions and the specific amounts thereof are not required to be shown with mathematical certainty.

In Jackson v. Langford, Tex.Civ.App., 60 S.W.2d 265, 267, this court held: "It was reversible error for the court to direct a verdict: 'If, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' Gross v. Shell Pipe Line Corp., Tex.Civ.App., 48 S.W.2d 377, 378, and authorities cited. To the same effect is Jones et al. v. Jones, Tex.Civ.App., 41 S.W.2d 496, and authorities cited." .

See, also, Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386, writ denied; Southern Underwriters v. Jones et al., Tex.Civ.App., 137 S.W.2d 52.

█ █ Discarding the adverse evidence and giving credit to the testimony favorable to the plaintiff and indulging all legitimate conclusions favorable to the plaintiff which could have been drawn from the facts proved, it is our opinion that the findings of the jury found ample support in the testimony. The law does not require the existence of total dependency. A recovery may be had for partial dependency although the dependent could have subsisted without the assistance he received. The test is, was the alleged beneficiary relying in whole or in part upon the assistance he received for his support. That he relied in part on contributions from the deceased is undisputed. Lumbermen's Reciprocal Ass'n v. Warner et ux., Tex.Com.App., 245 S.W. 664. To the same effect is the holding in Texas Employers' Ins. Ass'n v. Peterson et ux., Tex.Civ.App., 251 S.W. 572, writ denied.

The assignments or points attacking the sufficiency of the testimony on dependency are overruled.

The appellant assails as error the definition given by the court of the term "dependent" and the refusal of the court to give special charges requested by it presenting its conception of a correct definition thereof. The definition complained of is as follows: "By the term 'dependent', wherever used in this charge, is meant: One who is sustained by another or relies in whole or in part for support upon the aid of another, who looks to another for support and relies on another in whole or in part for reasonable necessaries in a substantial amount aiding the recipient to live consistent with the dependent's or recipient's position in life."

In Texas Employers' Ins. Ass'n v. McDonnell et ux., Tex.Civ.App., 278 S.W. 294, a charge substantially to the same effect as the one of which complaint is here made was given and approved by the appellate court.

See, also, Southern Surety Co. v. Hibbs et al., Tex.Civ.App., 221 S.W. 303; Oilmen's Reciprocal Ass'n v. Gilchreas et al., Tex.Civ.App., 283 S.W. 633; Associated Employers' Reciprocal v. Simmons et ux., Tex.Civ.App., 273 S.W. 686.

· In Texas Employers Ins. Ass'n v. Arnold, 127 Tex. 245, 92 S.W.2d 1019, 1021, Commissioner Hickman, speaking for the Supreme Court, uses this language: "In determining questions of dependency, courts as a rule merely outline the elements thereof without undertaking to formulate exact definitions, but the idea inheres in the term itself that the relation must be such that one relies for support, in part at least, upon the aid of another."

This contention is not tenable.

The special definitions presented by appellant and refused by the court, in view of the definition given, in our opinion, present no reversible error.

The appellant in his attack on the definition cites Texas Employers Ins. Ass'n v. Arnold, supra, and asserts that if the definition of dependent in the instant case is correct, then, the Supreme Court is wrong in the Arnold case, but a casual examination of the summary of the testimony in that case shows the claimant was forty-two years old, had a restaurant of sufficient value to support a loan of $3,000, the owner of a Chrysler automobile, and was drawing $150 a month besides expenses as a salesman.

The record in this case shows that appellee's property was very meager and of little or no value; that he was physically unable to work, incapacitated to earn a living and sixty-seven years old and relied and depended in part upon the assistance he got from his deceased brother to obtain the necessaries of life.

Appellant complains that the pleading of appellee and the testimony were insufficient to authorize a judgment against it since the statute required the complainant to show both by pleading and proof and a finding of the jury that there were no minor children of deceased and that he had no stepmother living since they would be higher in rank and entitled to recover under the statute before appellee.

The testimony shows that the deceased had no living sister and no brother other than appellee; that he had no stepchildren; that he was not married at the time of his death; that his mother and father were deceased and that he had no other person or persons dependent upon him for support, either mother, father, brothers, sisters, wife or children. We think this testimony sufficient to show that there was no beneficiary of a higher rank under the statute than George Penn. American Gen. Ins. Co. et al. v. Richardson et al., Tex.Civ. App., 132 S.W.2d 161.

· The appellant assails as error the action of the court in refusing to give the jury its requested issue asking whether A. T. Penn in 1930 made a verbal gift to Mrs. Julia Penn, wife of the appellee, of all future rents coming to him from the property located at Petrolia, inherited by him and his brother and whether Mrs. Julia Penn accepted and retained the gift.

There is no testimony in the record that the deceased gave his half interest in the rent to Mrs. Julia Penn as her separate property or that she claimed it as such. Appellant cites only testimony which was to the effect that she collected the rent thereon with the permission of the deceased and her husband. The testimony of the former wife of deceased is that he told her he had given the rent to George and Julia, meaning appellee and his wife. This, in effect, was the testimony of appellee and Mrs. Huddleston. We are of the opinion that the testimony was insufficient to require the submission of whether or not the rent was the separate property of Mrs. Julia Penn to the jury.

In Harmon et al. v. Schmitz et al., Tex.Com.App., 39 S.W.2d 587, 589, Judge

Leddy quotes with approval language from Cyc., volume 20, page 1193, as follows: "To constitute a valid gift inter vivos the purpose of the donor to make the gift must be clearly and satisfactorily established and the gift must be complete by actual, constructive, or symbolic delivery without power of revocation."

However, should we be mistaken in this conclusion, the record shows that appellee's deceased brother contributed to his support annually an average sum of $150 to $200.

In Associated Employers' Reciprocal Ass'n v. Lawrence et ux., Tex.Civ.App., 264 S.W. 1038, the facts show that in a period of six months a son gave to his mother two items, at one time $4 or $5, and the other time $30, which was a contribution to the support of his parents, and the court said: "The appellant questions these contributions as not being sufficient to establish partial dependency or that they relied upon him (the deceased) for any part of their means of living. * * * The fact that the contributions were very small does not establish the fact that the parents were not dependent to that extent. The necessity of assistance as to them existed."

■ The appellee would, therefore, be entitled to recover as a dependent, regardless of whether the rent was given to Mrs. Julia Penn as her separate property or given to her and her husband for their support.

The appellant urges as error the action of the court in submitting to the jury over its objection the question of the average weekly wage of A. T. Penn, deceased, "because the evidence was insufficient to submit to the jury either the questions whether or not A. T. Penn had worked substantially the whole of a year immediately preceding the injury, whether some other similar employee had so worked, or that good and sufficient reasons existed for computing such wages in any other manner, and plaintiff failed to show by competent evidence that it was impracticable to compute the average weekly wages under subsection 2 of section 1, article 8309, Vernon's Ann.Civ. St., before subsection 3 thereof could be resorted to, there being no basis for judgment and, furthermore, the findings under special issue No. 4 and the amount thereof are excessive."

■ The part of the objection urging that appellee failed to show that it was impracticable to compute the average weekly wage under subsection 2 of section 1 was not contained in appellant's exceptions and objections to the charge and was not presented to the court until its motion for new trial was filed. This part of the complaint was, therefore, waived under Rule 274, Texas Rules of Civil Procedure.

The appellant admits that the evidence was insufficient to submit to the jury the question of whether or not A. T. Penn had worked substantially the whole of the year immediately preceding his injury. This issue was not submitted and we agree that the testimony did not authorize its submission, hence, the only question involved in this assignment for determination is whether or not the testimony was sufficient to authorize the court to submit and the jury to find that there was no employee engaged in similar employment in the same or neighboring place that worked substantially the whole of the preceding year.

Mr. Nix testified that he was a drilling contractor; that he used cable tools; that from January 29, 1940, to January 29, 1941, he was operating a spudder in Wilbarger and neighboring counties; that he endeavors to keep in touch with other cable tool drillers and is familiar with the number of men doing cable tool drilling in the vicinity; that during the period mentioned he had no driller who worked as many as 300 days in Wilbarger or neighboring counties; that the regular standard wage during that time and for many years prior for such an employee was one dollar an hour; that the average working day is eight hours and the average daily wage is eight dollars per day; that he was sure there was no driller who worked as much as 300 days in that vicinity during the period of time in question.

■ Inasmuch as the evidence did not present the issue of the deceased having worked the whole of a year immediately preceding his injury and the testimony of Mr. Nix was uncontradicted that there was no other employee who worked for the whole of a year immediately preceding the injury of deceased, who admittedly was a driller, and that the average daily wage for such an employee was eight dollars per day, we think the testimony sufficient to authorize the court to submit to the jury the issue as to what would be just and fair to both parties since it was impracticable to determine the average weekly wage of deceased from either of the other two ways prescribed by the statute.

The judgment is affirmed.