Dorothy Giberson CROOM, Guardian, Appellant,

v.

Pauline COCHRAN, Appellee.

No. 7575.

Court of Civil Appeals of Texas.

Texarkana.

May 19, 1964.

Rehearing Denied June 16, 1964.

958

14", and a "mental age of about four years". His mental retardation dated from birth, he was born a "mongoloid", and was "unable to carry on a conversation with anyone outside his family, * * * about all he was able to do was feed and dress himself". His affliction prevented him from working or earning a livelihood, and he had no property, income or independent means of support.

When the adult child was placed in the school, a State operated institution, the father executed a contract obligating himself to pay the school $45.00 per month for his child's support, maintenance and treatment. When the father's death occurred October 22, 1961, the agreed monthly payments had not been made by the father, nor had the father or any other member of the Ellis family furnished money, food or clothing for the child or in anywise discharged the obligation of the contract, though it had not been altered or terminated. In the twelve month period preceding death the father earned approximately $4,000.00.

A sister of the retarded child, Mrs. Dorothy Ellis Dunn, applied for and received Social Security payments for the child's benefit. At trial time the Social Security Administration had allotted a sufficient amount to pay, and Mrs. Dunn had paid the school, $45.00 for each elapsed month subsequent to the death of the father.

Jack F. Cook, Jr., Austin, for appellant.

Barber & Seale, Jasper, for appellee.

CHADICK, Chief Justice.

This is a Workmen's Compensation Law suit. The trial court judgment awarded benefits accruing by reason of the death of a workman and adjudicated the contest between rival claimants of the benefits. The judgment of the trial court is affirmed.

The parties in this court are the appellant, Dorothy Giberson Croom, Guardian of the estate of Wilbert Leo Ellis, a surviving child of the deceased workman, Louis Magee Ellis, and the appellee, Mrs. Pauline Cochran, a widow, likewise a surviving child of Louis Magee Ellis. A single question of law is presented by the appeal; issue is joined by the parties upon the question as it is stated in the appellant's brief, to-wit:

"Was Wilbert Leo Ellis, mentally incompetent and a student at the Travis State School for the mentally retarded, a dependent child of Louis Magee Ellis under the Workmen's Compensation laws at the time of the latter's death?"

In January, 1961, shortly after his mother's death, Wilbert Leo Ellis, then twenty-three or four years of age, was placed by his father in the Austin State School for the mentally retarded. Before this he was a constituent of his father's family and the recipient of his father's care and support. At the time of his father's death in October, 1961, this child had "an I. Q. of about

The law, Art. 8306, Sec. 8a, Vernon's Ann.Tex.Civ.St., affords minor children of deceased workmen participation in compensation benefits accruing as the result of the workmen's death. The same statute provides that children not minors are also entitled to compensation if they are in fact dependent upon the deceased workman. The child, Wilbert Leo Ellis, is not a minor, but was 23 or 24 years of age at the time of his father's death. In this case, if as a matter of law, this adult child is a dependent in the sense that term is used in Art. 8306, Sec. 8a of the Workmen's Compensation Law, such finding must rest upon the evidence of dependency being so

harmonious and consistent that reasonable minds would not differ in reaching that conclusion. See 1 Texas Law of Evidence (McCormick & Ray), p. 8, Sec. 4, where the rule is expressed in these words, "Where the evidence is of such character that there is no room for reasonable and ordinary minds to differ as to the conclusion to be drawn from it the court not only may but has a duty to direct a verdict."

■ What are the facts that must be proven to establish an adult child as a dependent? In Texas Employers Ins. Ass'n v. Arnold, 127 Tex. 245, 92 S.W.2d 1019, op. adpt., it is said:

"Much has been written on the question of who is a dependent under Workmen's Compensation Laws. Exhaustive annotations on the subject may be found in American Law Reports. The first annotation appears in 13 A.L.R. 686, and supplements appear in 30 A.L.R. 1253, 35 A.L.R. 1066, 39 A.L.R. 313, 53 A.L.R. 218, 62 A.L.R. 160, and 86 A.L.R. 865. In determining questions of dependency, courts as a rule merely outline the elements thereof without undertaking to formulate exact definitions, but the idea inheres in the term itself that the relation must be such that one relies for support, in part at least, upon the aid of another. In Rock Island Bridge & Iron Works v. Industrial Commission, 287 Ill. 648, 122 N.E. 830, 831, this definition is given: 'In law a dependent is one who is sustained by another, or relies for support upon the aid of another; who looks to another for support, and relies on another for reasonable necessaries consistent with the dependent's position in life.'"

■ The relevant evidence is summarized above. When the evidence is measured by the standard quoted it appears that the question of Wilbert Leo Ellis's dependency was one of fact, rather than of law, and the trial court action in submitting it for jury determination was proper.

When the father of the adult child placed it in a publicly supported institution and thereafter for the remainder of the father's life—a period of more than nine months—furnished no support whatever for his child it may reasonably be concluded that the father abandoned support when the school accepted the child. Among the elements of dependency noted in the quotation above is that of being sustained by another. It is uncontroverted that the father did not furnish anything for the sustentation of the child after it was placed in the school. The father's contractual obligation, voluntarily undertaken, and the liability imposed by Art. 3196a upon the father to pay the expense of the adult child's maintenance at the school, if able to do so, are evidentiary factors to be weighed along with the other evidence in determining dependency. The evidence is capable of supporting a conclusion other than that the adult child was a dependent of the father at the time of the father's death.

The judgment of the trial court is affirmed.