**HARTFORD ACCIDENT & INDEMNITY CO., Appellant,**

**v.**

**Karen Sue Richardson CROWLEY, Appellee.**

**No. 5305.**

Court of Civil Appeals of Texas, Waco.

April 25, 1974.

Rehearing Denied May 30, 1974.

Garrett, Settle & Callaway, Fort Worth, for appellant.

Daniel J. Smith, Grand Prairie, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a Workman's Compensation case in whch appellee Karen Sue Richardson Crowley, married daughter of a deceased workman, filed claim for one-half of the death benefits. Appellant Insurance Company had previously paid the full death benefits to the widow of the deceased workman (who was stepmother of appellee). Trial was to a jury which found:

1) At the time of the injury of Billy H. Richardson, Karen Sue Richardson Crowley was dependent for support, in whole or in part, on Billy H. Richardson for any contributions, services, or other things of value she was receiving from him.

2) Karen Sue Richardson Crowley did not inform Martha Ann Richardson that Karen Sue Richardson Crowley was making no claim for benefits under the Workman's Compensation Act for the death of Billy H. Richardson.

3) Karen Sue Richardson Crowley did not know prior to the payment of the claim of Martha Ann Richardson by Hartford Accident & Indemnity Company, that Martha Ann Richardson was claiming all death benefits due under the Workmen's Compensation Act for the death of Billy H. Richardson.

The trial court entered judgment finding that Billy H. Richardson was injured in the course and scope of his employment; that appellee was dependent for support, in whole or in part on deceased, and awarded appellee ½ the Workman's Compensation benefits found to be due.

Appellant Insurance Company has appealed on 15 points presenting 5 basic contentions.

Appellant's 1st contention is the District Court lacked jurisdiction to hear the case because the Industrial Accident Board had approved a settlement of claim for death benefits of the deceased workman, and such order had not been appealed from or set aside.

The Industrial Accident Board approved settlement of claim for death benefits of the deceased workman made by deceased widow (stepmother of appellee). But appellee was not a party to such action, and did not have intrinsic knowledge nor carry on negotiations with appellant prior to appellant paying her stepmother, a third party. Appellee did make timely application

for death benefits as provided by the Workman's Compensation Act and timely perfected her appeal therefrom.

In such situation the District Court had jurisdiction. National Loan & Investment Co. v. Pelphrey & Co., Tex.Civ.App., 39 S.W.2d 926, NWH; Gentry v. Travelers Ins. Co., Tex.Civ.App., 459 S.W.2d 709, NRE; Home Indemnity Co. v. Edwards, Tex.Civ.App., 488 S.W.2d 561, NRE.

■ Appellant's 2nd contention is that Issue 1 finding appellee dependent on deceased at the *time of injury* of deceased cannot support the judgment. Appellant asserts dependency status at the time of death is required by Article 8306, Sec. 8A Vernon's Ann.Tex.Civ.St.

The deceased workman was injured on January 23, 1970, and he died from his injuries on February 13, 1970. The evidence shows and the jury found that appellee was dependent for support in whole or in part on deceased at the time of his injury. Appellee had moved into deceased's home in October 1969, and resided there until after deceased died. Deceased provided her with a place to stay, food and maternity clothes among other things. There was no material change of condition from the date of deceased's injury until the time of his death.

■ Appellant's 3rd contention is that the jury's answer to Issue 1 is against the great weight and preponderance of the evidence.

There is evidence that deceased was contributing to the support of appellee, and that she was dependent upon him at the time of his injury. Deceased provided rent, food, clothing, automobile, gasoline, oil and maternity clothes for appellee. She was physically living in deceased's home and eating at his table. The jury's finding is supported by ample evidence.

■ Appellant's 4th contention is that there is no evidence to support the jury's answers to Issues 2 and 3, and/or such answers are against the great weight and preponderance of the evidence.

Issue 2 found appellee did not inform her stepmother she was making no claim to death benefits for the death of her father; and Issue 3 found appellee did not know prior to payment of the stepmother's claim that the stepmother was claiming all of the death benefits.

There is evidence appellee did not know what the stepmother was claiming, and never knew she received the money. Appellee never made any statement to appellant that would constitute a waiver of her rights.

■ Appellant's 5th contention is that appellee, an adult married daughter of deceased, could not be dependent on her father as a matter of law.

An adult dependent child is entitled to death benefits under the compensation act.

Turner v. Travelers Ins. Co., Tex.Civ. App., 401 S.W.2d 618, NRE; Turner v. Travelers Ins. Co., Tex., 406 S.W.2d 897.

All appellant's points and contentions are overruled.

Affirmed.