**INDUSTRIAL ACCIDENT BOARD, Second Injury Trust Fund and State of Texas, Appellants,**

v.

**Mary Zerne (Gafford) LANCE et al., Appellees.**

**No. 8750.**

Court of Civil Appeals of Texas, Amarillo.

Aug. 29, 1977.

John L. Hill, Atty. Gen., Jimmy R. Weaver, Asst. Atty. Gen., Austin, for appellants.

Michael D. Schattman, Jacobs & Taylor (Kelly Jacobs), Fort Worth, for appellees.

ROBINSON, Justice.

In this workmen's compensation suit, the trial court, sitting without a jury, found that plaintiffs, Mrs. Woodward and Mrs. Lance, were dependent children of the deceased workman and entered judgment against the defendant compensation carrier awarding plaintiffs death benefits and denying relief to the Second Injury Trust Fund which claimed the same death benefits claimed by plaintiffs. The Second Injury Trust Fund appealed contending that the admissible evidence was legally and factually insufficient to support express findings that the plaintiff daughters expected and relied upon and were dependent upon the support and assistance of the deceased workman to increase their standard of living. Affirmed.

The right of dependent children of the deceased employee to recover death benefits is to be determined by the facts as they exist at the time of the death of the deceased. Tex.Rev.Civ.Stat.Ann. art. 8306, § 8a. An adult dependent child is entitled to death benefits under the compensation act. *Hartford Accident & Indemnity Co. v. Crowley,* 509 S.W.2d 939 (Tex.Civ.App.– Waco 1974, writ ref'd n. r. e.). Further, a claimant who is partially dependent on the deceased workman for support is entitled to compensation. *Aetna Casualty & Surety Company v. Cassavaugh,* 486 S.W.2d 815

(Tex.Civ.App.–Houston [14th Dist.] 1972, writ ref'd n. r. e.); *Stanaland v. Traders & General Ins. Co.*, 145 Tex. 105, 195 S.W.2d 118 (1946); *Lumbermen's Reciprocal Ass'n v. Warner*, 234 S.W. 545 (Tex.Civ.App.–Beaumont 1921) aff'd 245 S.W. 664 (Tex. Com.App.1922, jdgmt. adopted).

In *Lumbermen's Reciprocal* the court stated the rule as follows:

. . . It is an accepted rule in compensation cases that partial dependency may exist although the alleged dependent could have subsisted without the labor of the employe, or is not without the necessities of life. The test is: Was the alleged beneficiary relying in whole or in part upon the labors of the deceased for support?

The evidence in the case before us shows small but regular cash contributions from the deceased to his married daughters, which continued over a period of several years and up to the time of his death. The contributions were used for regular living expenses. The evidence also shows gifts and isolated larger contributions when the daughters needed assistance in paying for such items as rent, tires, and a baby bed.

■ We overrule appellant's contention that the trial court erred in admitting evidence of support, gifts, and contributions made by the deceased to his daughters prior to the year of his death. In *Georgia Casualty Co. v. Campbell*, 266 S.W. 854 (Tex.Civ. App.–Amarillo 1924, writ dism'd), this court rejected a similar argument stating:

The propositions might be correct when applied to a case where dependency had existed, but had ceased at the time of the death of the employe. If Miss Campbell and Mrs. Michael, at the time of their brother's death had ceased to be dependent upon him, the testimony tending to prove former dependency would be wholly inadmissible. But where the dependency is shown to have existed, testimony of a continued dependency is certainly admissible. The Legislature never intended to limit the proof of dependency to a time shortly before or at the time of death of the deceased, and evidence showing continued dependency up to the time of the death of the deceased is admissible.

■ The trial judge found that Mrs. Lance and Mrs. Woodward were dependent children of the deceased workman within the meaning of Art. 8306 § 8a (1971). It is fundamental that in a case tried before the court without a jury, the court sits as a trier of fact as well as law and stands in the same relation to the factual aspect of the case as does a jury when one is had. He is the judge of the credibility of witnesses and the weight to be given their testimony, and his findings are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. *Republic Casualty Co. v. Obregon*, 290 S.W.2d 267 (Tex.Civ.App.–Waco 1956, writ ref'd n. r. e.).

■ We have considered the evidence in the light most favorable to the trial judge's findings, disregarding all evidence to the contrary and we conclude that those findings are supported by some evidence of a probative value.

We will not detail here all of the evidence adduced. We have, however, also considered all of the evidence and, after doing so, do not find that the findings are supported by insufficient evidence or are so against the great weight and preponderance of the evidence as to be manifestly unjust.

Each of appellant's points of error is overruled. The judgment of the trial court is affirmed.