Stacie Marie WESTERHAUS, Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 05–95–00037–CV.

Court of Appeals of Texas, Dallas.

Sept. 11, 1995.

Dean Carlton, Law Offices of Dean Carlton, Dallas, TX, for appellant.

Ervin A. Apffel, Jr., Galveston, TX, Kenneth J. Bower, McLeod, Alexander, Powel & Apffel, P.C., Galveston, TX, for appellee.

Before LAGARDE, OVARD and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

This is a summary judgment case. Liberty Mutual Insurance Company (Liberty) petitioned for a declaratory judgment that Stacie Marie Westerhaus was no longer entitled to death benefits awarded in a 1982 workers' compensation judgment after her father died. Liberty moved for summary judgment. The trial court granted summary judgment for Liberty. In one point of error, Westerhaus argues the trial court erred in granting Liberty's summary judgment motion because the summary judgment evidence did not establish Westerhaus was no longer dependent as a matter of law. We reverse the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Westerhaus' father was killed in an accident while within the course and scope of his employment when Westerhaus was still a child. Westerhaus' mother brought a workers' compensation action as Westerhaus' next friend against the carrier, Liberty. After a jury trial, Westerhaus was awarded a lump sum of $19,042 and weekly death benefits, net of attorneys fees, of $78.74 in 1982. The benefits were to continue until Westerhaus became eighteen years old, and thereafter

for as long as she remained dependent. The judgment included a finding that Westerhaus was "actually dependent at the time of her father's death ... and will in all probability be actually dependent until she reaches 18 years of age and thereafter for the remainder of her life." The judgment also provided "any party may seek re-adjudication of the future actual dependency," requiring a "showing of material change of the then circumstance of dependency." Evidence of Westerhaus' learning disability was introduced at trial.

Liberty filed a petition for declaratory judgment on August 31, 1993, asserting Westerhaus was no longer dependent. Liberty subsequently filed a motion for summary judgment, attaching Westerhaus' responses to Liberty's request for admissions and a portion of Westerhaus' deposition transcript. Westerhaus' response to Liberty's motion for summary judgment included Westerhaus' affidavit.

The trial court granted summary judgment in favor of Liberty. In its final judgment, the trial court decreed Westerhaus was not "dependent" and excused Liberty from making further payments to Westerhaus.

## APPLICABLE LAW

### 1. Summary Judgment

The trial court renders its decision on summary judgment based upon "(i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing." TEX.R.CIV.P. 166a(c). When we review a trial court's granting of summary judgment, we apply the standards mandated by the Texas Supreme Court. They are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

2. In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the non-movant.

3. We indulge in every reasonable inference and resolve any doubts in the non-movant's favor.

*See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R.CIV.P. 166a(c); *see State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979).

The summary judgment rule provides a method of summarily ending a case that involves only a question of law and no genuine fact issues. *Port Distrib. Corp. v. Fritz Chem. Co.,* 775 S.W.2d 669, 670 (Tex. App.—Dallas 1989, writ dism'd by agreement). It does not provide for trial by deposition or affidavit. *See Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The trial court determines if any fact issues exist; it does not evaluate the evidence and decide the case on affidavits. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); *Ross v. Texas One Partnership,* 796 S.W.2d 206, 209 (Tex.App.—Dallas 1990), *writ denied per curiam,* 806 S.W.2d 222 (Tex.1991). The summary judgment rule eliminates a patently unmeritorious claim or an untenable defense. It is not meant to deprive litigants of a full hearing on the merits of any real issue of fact. TEX.R.CIV.P. 166a(c); *see Gulbenkian,* 151 Tex. at 416, 252 S.W.2d at 931.

We will reverse the summary judgment and remand the cause for a trial on the merits if the summary judgment was improperly granted. *Tobin v. Garcia,* 159 Tex. 58, 63–64, 316 S.W.2d 396, 400 (1958).

### 2. Dependency

The right of the deceased employee's dependent children to recover death benefits is to be determined by the facts as they exist at the time of the deceased's death. Act of May 29, 1979, 66th Leg., R.S., ch. 323,

§ 1, 1979 Tex.Gen.Laws 730, *repealed by* Act of November 21, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7), 1989 Tex.Gen.Laws 1, 114.[1] An "adult dependent child" is entitled to death benefits under the compensation act. Act of April 19, 1973, 63rd Leg., R.S., ch. 88, § 4, 1973 Tex.Gen.Laws 187, 188, *repealed by* Act of November 21, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7), 1989 Tex.Gen.Laws 1, 114;[2] *see also Hartford Accident & Indem. Co. v. Crowley*, 509 S.W.2d 939, 941 (Tex.Civ. App.—Waco 1974, writ ref'd n.r.e.).

■ In the workers' compensation context, an approved definition of "dependent" for submission to the jury is "one who is sustained by another or relies in whole or in part for support upon the aid of another, who looks to another for support, and relies on another in whole or in part for reasonable necessaries in substantial amount aiding the Recipient to live consistent with the Dependent's or Recipient's position in life." *Stanaland v. Traders & General Ins. Co.*, 145 Tex. 105, 112, 195 S.W.2d 118, 122 (1946). Inherent in the word "dependent" is a relationship in which one relies upon the aid of another for support. *Croom v. Cochran*, 379 S.W.2d 957, 959 (Tex.Civ.App.—Texarkana 1964, writ dism'd).

■ A claimant who is partially dependent on the deceased worker for support is entitled to compensation. *Aetna Casualty & Sur. Co. v. Cassavaugh*, 486 S.W.2d 815, 816 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Partial dependency "may exist although the alleged dependent could have subsisted without the labor of the employee, or is not without the necessities of life." *Industrial Accident Bd. v. Lance*, 556 S.W.2d 101, 103 (Tex.Civ.App.—Amarillo 1977, no writ) (quoting *Lumbermen's Reciprocal Ass'n v. Warner*, 245 S.W. 664, 665 (Tex.Comm'n App.1922, judgm't adopted)).

■ The question of dependency is generally one of fact to be determined by the trier of facts, but if the facts are undisputed and lead to a definite conclusion, the court shall announce that conclusion as a matter of law. *Texas Employers Ins. Ass'n v. Arnold*, 127 Tex. 245, 250, 92 S.W.2d 1019, 1021 (1936).

## APPLICATION OF LAW TO FACTS

Liberty argues that because "dependent" status at the time of the worker's death requires reliance on some other person, it follows that a readjudication of "dependent" status would be determined on whether the child (now an adult) was still dependent upon her family or other persons. Liberty presented a certified copy of the 1982 judgment as summary judgment evidence. Liberty also presented Westerhaus' responses to Liberty's requests for admissions, in which Westerhaus admitted she no longer resided with her mother, was not covered under her mother's insurance, did not have her utilities or medical needs provided by her mother, received no financial support from her mother during the preceding 24 months, and received no support for living or educational expenses from her mother during the preceding 24 months. Westerhaus admitted she had purchased her car without funds received from her mother, and that Westerhaus had claimed herself as a dependent on Westerhaus' federal tax returns for 1991, 1992 and 1993. Finally, Liberty presented one page from Westerhaus' deposition transcript, in which she stated she was currently taking one junior college class. Thus, Liberty asserts it proved Westerhaus was no longer dependent as a matter of law.

Liberty directs our attention to the Family Code, which provides for continued child support after the child has reached eighteen years of age if the child "requires substantial care and personal supervision because of a mental or physical disability and will not be able to support himself." Tex.Fam.Code Ann. § 14.051 (Vernon Supp.1995) (formerly section 14.05(b) in effect at the time of the original judgment in 1982). Liberty's reliance on this statute is misplaced. We note that section 14.051 of the Family Code does not focus on whether the child is dependent

---

1. *See* Tex.Rev.Civ.Stat.Ann. art. 8306 § 8a historical note (Vernon Supp.1995) (statutory language prior to repeal) (current version at Tex.Labor Code Ann. § 408.183(e) (Vernon 1995)).

2. *See* Tex.Rev.Civ.Stat.Ann. art. 8306 § 8(b) historical note (Vernon Supp.1995) (statutory language prior to repeal) (current version at Tex.Labor Code Ann. § 408.183(e) (Vernon 1995)).

upon a particular person. Further, a mildly retarded young man who successfully progressed to living in his own apartment, requiring, at the very least, "intermittent contact with state social workers indefinitely, perhaps for the rest [of the child's] life" still met the requirements of "continuous care and personal supervision because of a mental or physical disability." *Rose v. Rubenstein*, 693 S.W.2d 580, 582–83 (Tex.App.—Houston [14th Dist.] 1985, writ dism'd).

This is contrary to Liberty's argument that Westerhaus was no longer entitled to workers' compensation death benefits because she was not living with her mother. Finally, the contention in *Rose* that the young man was self-supporting because he held a full-time job was denied, as the evidence showed monthly living expenses of over $800, and monthly income of less that $600. *Rose*, 693 S.W.2d at 583. This is analogous to the workers' compensation provision permitting benefits for "partial dependency" although the alleged dependent is not "without the necessities of life." *See Industrial Accident Bd.*, 556 S.W.2d at 103.

▪ We decline to restrict the fact question of Westerhaus' dependency to whether she was solely dependent upon her father for financial support in 1982 during the original proceeding, and upon her mother in 1994, when the trial court rendered summary judgment. The 1982 judgment did not limit Westerhaus' dependency solely to her mother or father, and there is no statutory provision doing so. Rather, the issue is the circumstances of the alleged dependent, or, in other words, whether Westerhaus relies on another for her support. *See Stanaland*, 145 Tex. at 112, 195 S.W.2d at 122.

▪ Westerhaus contends she is dependent on the death benefits. If the determination of Westerhaus' dependency were as of the time of death of her father, she would be entitled to compensation if she were partially dependent on her father at the time of his death. *See Aetna Casualty & Sur. Co., 486 S.W.2d at 816.* Since the death benefits Westerhaus receives are in lieu of the support she would have received from her father, whether Westerhaus relies on the benefits for reasonable necessities consistent with

Westerhaus' "position in life" must also be considered by the factfinder. *See Stanaland*, 145 Tex. at 112, 195 S.W.2d at 122.

In her response to Liberty's motion for summary judgment, Westerhaus argued the issue was whether she was dependent, not whether she was dependent upon her mother. Westerhaus' affidavit states that her learning disability prevented her from holding a job for any extended period. Further, she used the principal of the 1982 lump sum award for essentials such as insurance, medical costs, dental costs, and to purchase her car. Her affidavit stated she had been living below the "poverty level" as determined by the government. Also, without the weekly benefits, she would be dependent financially upon her mother or welfare.

The facts that courts have reviewed in deciding whether a person was 'dependent' at the time of the worker's death provide guidance. These have generally been classified as the means of "working or earning a livelihood," and the existence of any "property, income or independent means of support." *Croom*, 379 S.W.2d at 958. The Commission of Appeals of Texas and the Texas Supreme Court considered the issue of "dependency" in 1936, and made note of the fact the "dependent" had a "good-sized restaurant", property sufficient to support a loan, and was also drawing a monthly salary and expenses from his position as a salesman. *Arnold*, 127 Tex. at 250–51, 92 S.W.2d at 1022.

In the current case, there are a number of factors which may be considered in deciding the fact question of "dependency." These include, but are not necessarily limited to, Westerhaus' actual earnings and other income, her living expenses, any other sources of support, and the nature of any assets or liabilities. Liberty failed to present the trial court with summary judgment evidence pertaining to all of these factors.

▪ Liberty also raised the fact that Westerhaus was living with her boyfriend. Westerhaus' relationship with her boyfriend, standing alone, does not preclude her being "dependent" as a matter of law. *See Hartford Accident & Indem. Co.*, 509 S.W.2d at 941 (an adult married daughter of a deceased

is not precluded from being dependent upon her father as a matter of law); *see also Industrial Accident Bd.*, 556 S.W.2d at 103.

Further, the impact of Westerhaus' learning disability on her prospects for employment should also be considered. The 1982 judgment stated Westerhaus would in all probability be dependent for the remainder of her life. Westerhaus' affidavit stated that she continued to suffer from the effects of the learning disability and that it prevented her from obtaining and keeping meaningful employment. Liberty introduced Westerhaus' admission that she had enrolled in several junior college classes, but Liberty presented no controverting evidence of Westerhaus' ability to successfully complete a college course of study. Thus, Liberty presented no controverting evidence regarding the learning disability. Further, Liberty presented no summary judgment evidence of Westerhaus' ability to maintain gainful employment even though the disability might still exist.

█ Liberty did not prove Westerhaus was no longer dependent as a matter of law. *See Texas Employers Ins. Ass'n*, 127 Tex. at 250, 92 S.W.2d at 1021. We sustain Westerhaus' point of error.

We reverse the trial court's judgment and remand this cause for proceedings consistent with this opinion.

LAGARDE, J., dissents.

LAGARDE, Justice, dissenting.

I respectfully dissent. In 1982, a Galveston County district court entered a judgment finding that Stacie, a minor born October 28, 1970, was "actually dependent" at the time of her father's death. Contrary to the majority's opinion, the trial court made the determination of Stacie's *actual* dependency, but it did not provide the basis for its finding. Paragraph IV of the trial court's judgment stated that Stacie:

... will in all reasonable probability be actually dependent until she reaches 18 years of age and thereafter for the remainder of her life, subject however, to the proviso that any party may seek readjudication of the future dependency.

In paragraph V of the judgment, the trial court further stated:

... and it is further adjudicated that no execution hereunder shall issue after she reaches age eighteen until there is such a readjudication.

Despite this language, the insurance company continued to pay benefits until 1993, when it filed suit to readjudicate the issue of Stacie's dependency.

This case appears to be one of first impression under the Workers' Compensation Act concerning the *readjudication of "future dependency"* of a minor after reaching majority. Although Texas courts have addressed the issue of dependency of an adult child, I have found no Texas case readjudicating future dependency of a minor upon reaching majority. However, in this case, the trial court's judgment provides guidance and states that to readjudicate a party must show a "material change of the then circumstances of dependency." Thus, for Liberty to prevail on its motion for summary judgment, Liberty had to conclusively prove that Stacie was not dependent based on a material change of the "then circumstances."

Liberty's summary judgment evidence consisted of the 1982 judgment, Stacie's responses to requests for admission, and one page from Stacie's deposition. In Stacie's responses, Stacie admitted that: (i) she was twenty-four years old, (ii) she had not resided with her mother for the past two years, (iii) she has resided with her boyfriend for the past year, (iv) her mother had not provided her with any type of financial support of any kind for the past year, (v) she had received neither living nor educational expenses from her mother for the past two years, (vi) *beginning in 1991, her mother no longer claimed Stacie as a dependent on her federal tax returns*, and (vii) Stacie purchased a vehicle without her mother's assistance. In deposition testimony, Stacie admitted that she was currently enrolled in only one junior college class. Based on Liberty's summary judgment evidence, I would hold that Liberty conclusively proved a material change in the "then circumstances of

dependency" entitling it to summary judgment.

Stacie was no longer a minor. In order to be entitled to continuation of the benefits, Stacie had to show she was sustained, in whole or in part, by *another*. Stacie made no such showing nor did her summary judgment proof raise a fact question on that issue. The only fact issue she raised was whether she was dependent on the *benefits*. I would hold that this is not a material fact issue; consequently, I would affirm.

Accordingly, I respectfully dissent.