Joyce **COOK** et al., Appellants,

v.

**EMPLOYEES RETIREMENT SYSTEM OF TEXAS et al., Appellees.**

**No. 8241.**

Court of Civil Appeals of Texas, Texarkana.

May 17, 1974.

Bill M. Glaspy, Smith, Glaspy & Moss, Mesquite, Zach E. Mason, Richardson, for appellant.

John L. Hill, Atty. Gen., Bill Campbell, Asst. Atty. Gen., Austin, for appellee.

RAY, Justice.

This is a suit to construe Article 6228f Vernon's Ann.Civ.St. concerning survivors benefits under the Employees Retirement System of Texas. Appellants (plaintiffs), Marlin D. Cook, Jr. for himself individually, and Joyce Cook (surviving widow of Lieutenant Marlin D. Cook, Sr.) as next friend for her minor children, Stephen C.

Cook and Stanley G. Cook, brought suit against the Employees Retirement System of Texas and its board of trustees, appellees (defendants) seeking to have appellees pay her children monthly benefits until each child reaches the age of twenty-one years. The facts were stipulated by the parties to be that Lieutenant Marlin D, Cook, a fireman employed by the City of Richardson, Texas, died on August 30, 1972, while in the course and performance of his duties and that he was survived by his widow, Joyce Jeanette Cook and three children, Marlin Donald Cook, Jr., a son born on October 18, 1953, Stephen Craig Cook, a son born October 23, 1957, and Stanley Gregg Cook, a son born October 23, 1957; that the board of trustees and the Employees Retirement System of Texas approved monthly annuities to the three surviving children and ordered payments to be made until such time as any child entitled to said benefits under the act (Article 6228-f) ceased to be a minor child as that term is defined in the act. Senate Bill No. 123, Ch. 626, 63rd Tex. Legislature, Regular Session, 1973, effective August 27, 1973, extended all the rights, privileges and obligations of majority to all persons who are at least eighteen years of age. The appellees informed Mrs. Cook that the Attorney General of Texas had ruled that all persons over the age of eighteen would be considered adults on the effective date of Senate Bill 123 and that all children of law officers and firemen who were over the age of eighteen would no longer be eligible for survivors benefits, as well as those children who subsequently reached age eighteen.

Marlin Donald Cook, Jr., had reached the age of eighteen years on October 18, 1971, and payments for his benefit were discontinued on the effective date of Senate Bill 123 (August 27, 1973).

This suit was brought to establish the right of the children of Lieutenant Cook to receive benefits until they reach the age of twenty-one. The trial court ordered that appellants take nothing, from which judg-ment this appeal has been timely perfected. Two points of error are submitted for our consideration.

Appellant insists that the interests of her children vested at the date of death of Lieutenant Marlin Donald Cook, Sr. and therefore her children are entitled to monthly annuities under Article 6228f, supra, until each child reaches the age of twenty-one years. Appellant's position is that Article 1, Sec. 16 of the Texas Constitution, Vernon's Ann.St., and Article 1, Sec. 10 of the United States· Constitution forbids any retroactive laws from being passed which would impair the obligation under any contract. Appellant states that the rights of the children were vested before the "eighteen year old law" (Senate Bill No. 123, supra) became effective on August 27, 1973. Pursuant to Article 3, Sec. 51–d of the Texas Constitution, the Legislature passed Article 6228f which provides in Section 2(7) that a "Minor child" means a child who, on the date of the violent death of any person covered by this act, has not reached the age of twenty-one years. This section was amended by Acts 1973, 63rd Legislature, p. 1256, ch. 458, effective June 11, 1973. The "eighteen year old bill" (Senate Bill 123) became effective on August 27, 1973, and effectively changed the meaning of "Minor child" from one who has not reached the age of twenty-one years to one who has not reached the age of eighteen years.

■ Section 51–d of Article 3 of the Texas Constitution provides that the Legislature has the power to provide for the payment of benefits to "the surviving spouse and *minor* children" of officers of police and fire departments. It is clear that the "eighteen year old law", Article 5923b, V.A.C.S., meant to emancipate all persons eighteen years of age or older from the legal bonds of infancy and states in Section 2 the following:

"Notwithstanding any statutory or decisional law, or any rule, regulation, or ordinance of this state or of any political

subdivision or incorporated city or town of this state, a person who is at least 18 years of age has all the rights, privileges, and obligations of a person who is 21 years of age. A law, rule, or regulation, or ordinance which extends a right, privilege, or obligation to a person on the basis of a minimum age of 21, 20, or 19 years shall be interpreted as prescribing a minimum age of eighteen years."

We think the clear language of Article 5923b V.A.C.S. changes the age or those defined as infants or minors and overrides the provisions of Article 6228f V.A.C.S. Article 5923b was signed into law after the amendments to Article 6228f. Upon the effective date of Article 5923b, August 27, 1973, all those who had reached their eighteenth birthday and who subsequently became eighteen years of age were disqualified to receive any further benefits under Article 6228f unless appellant is correct in her position that the benefits payable under Article 6228f became vested at the date of death of a police or fire department officer antedating August 27, 1973.

 The Texas Supreme Court, in City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009 (Tex.1937) adopted the rule that the right of a pensioner to receive monthy payments from the pension fund after retirement from service, or after his right to participate in the fund has accrued, is predicated upon the anticipated continuance of existing laws, and is subordinate to the right of the Legislature to abolish the pension system, or diminish the accrued benefits of pensioners thereunder. That position was reaffirmed in Board of Managers of the Harris County Hospital District v. Pension Board, 449 S.W.2d 33 (Tex.1969). We therefore hold that the minor children of Lieutenant Marlin D. Cook, Sr. acquired no rights in the financial assistance funds held and administered by the State Board of Trustees of the Employees Retirement System of Texas under Article 6228f V.A.C.S. which were greater than the right of the Legislature to change the eligibility of those receiving and to re-ceive such funds. We reaffirm the established rule that all pension funds, financial assistance funds, annuities and such other benefits created by the Texas Legislature for the benefit of employees and other personnel of this State and the political subdivisions thereof as designated by statute or otherwise by law shall be subordinate to the right of the Legislature to abolish the system, diminish the accrued benefits, increase the benefits, change the eligibility for benefits or to otherwise alter or modify the method of payment of the benefits of any or all such funds. In the present case, the minor children of Lieutenant Cook acquired no vested right in the financial assistance funds provided under Article 6228f V.A.C.S., but only acquired the right to participate in the fund subject to the continuing control of the Legislature. In the instant case, the Texas Legislature affectively changed the age at which the benefits would terminate for those receiving financial assistance from the fund created pursuant to Article 6228f by the passage of Senate Bill 123 (Article 5923b V. A.C.S.)

Appellant's points of error are overruled and the judgment of the trial court is affirmed.