

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 17, 1975

The Honorable Raymond W. Vowell
Commissioner, Department of
Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 585

Re: Effect of '18 year old
bill,'' article 5923b,
V. T. C. S., on entitle-
ment of students 18 to
21 years of age to
AFDC, and related
matters.

Dear Commissioner Vowell:

You have asked us if the 1973 enactment of the "18 year old bill,'' article 5923b, V. T. C. S., and the 1973 adoption of section 11. 01(1) of Title 2 of the Texas Family Code, have affected in certain respects the state's federally assisted Aid to Families of Dependent Children program (AFDC). Your specific questions are:

> 1. Do . . . Senate Bills 123 and 168, Acts of the 63rd Legislature (1973), preclude the provision of AFDC financial assistance and corresponding Medicaid benefits to persons, previously described as children, 18 to 21 years of age who are regularly attending school, in accordance with Article 695c, § 17, Vernon's Texas Civil Statutes?

> 2. Do . . . Senate Bill 123 and 168, Acts of the 63rd Legislature (1973), preclude the provision of AFDC financial assistance, foster care and Medicaid benefits to persons, previously described as children, 18 to 21 years of age who are regularly attending school, who are continuing to receive foster care and for whose placement and care the Department has responsibility prior to their 18th birthday in accordance with Article 695c, § 17-A, Vernon's Texas Civil Statutes?

Article 5923b extends the rights, privileges, and obligations of majority to all persons who are at least 18 years of age.  Section 11.01(1), Title 2, Texas Family Code defines "child" or "minor" as a "person under 18 years of age who is not and has not been married or who has not had his disabilities of minority removed for general purposes," and defines "adult" as "any other person."

Federal law provides matching funds for aid to families with dependent children, and defines "dependent child" as

> . . . a needy child (1) who has been deprived of parental support or care . . . and who is living with [a relative] . . . and (2) who is (A) under the age of eighteen, or (B) under the age of twenty-one and (as determined by the State in accordance with standards prescribed by the Secretary) a student regularly attending a school, college, or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment; . . .   42 U.S.C.A. § 606(a).  (Emphasis added)

A purpose of the program, demonstrated in the requirements for a State plan, is to assure to the maximum extent possible that the child will enter the labor force and accept employment so that he will become self-sufficient.  See 42 U.S.C.A. sec. 602(a)(14) and (19)A(i).  See also 42 U.S.C.A. sec. 606(d).  The federal deprivation of "parental support" requirement was originally based upon a legal duty of support in the parents.  King v. Smith, 392 U.S. 309 (1968); Carleson v. Remillard, 406 U.S. 598 (1972).

Congress permitted the optional extension of federally assisted AFDC benefits to 18 to 20 years old students in 1965.  See Townsend v. Swank, 404 U.S. 282, 288-89 (1971) for a review of the legislative history and the evolution of the program.  Texas opted to extend benefits to students in this age group by Acts 1967, 60th Leg., ch. 348, p. 822.  An indication of the purpose for so doing is found in the "emergency" section of the Act which justifies immediate enactment because

> . . . many children . . . between the ages of eighteen (18) and twenty-one (21) are either in high school or attending vocational or technical schools or institutions

> of higher learning and these children are currently
> being deprived of educational opportunities due to
> the necessity to assist in supporting the family;
> [and] . . . financial participation in the cost of
> assistance given on behalf of children under these
> ages is available from Federal funds . . . .

In 1969 the Texas statutes were amended, tracking the 1968 change in federal law (42 USC sec. 608) to extend benefits to students in this age group placed in foster homes as a result of a judicial determination of the child's best interests and for whose placement and care the Department of Public Welfare is responsible. Acts 1969, 61st Leg., ch. 845, p. 2525. The current Texas statutory provisions are found in sections 17 and 17-A, article 695c, V. T. C. S. Another provision in the 1969 amendatory act clearly demonstrated the Legislature's intention to authorize maximum participation in these federal programs regardless of the ages or circumstances of the beneficiaries who are otherwise eligible by federal standards. As a result, article 695c, section 4(12), V. T. C. S., now reads in pertinent part:

> (12) Notwithstanding any other . . . law, the State
> Department of Public Welfare is authorized and em-
> powered, . . . in order that Federal matching money
> will be available for public welfare programs . . . to
> extend the scope of the public welfare programs and the
> services provided . . . so as to include . . . the entire
> range of public welfare assistance and/or services
> . . . as may be prescribed or authorized under Federal
> laws and rules and regulations, as they now are or as
> they may hereafter be amended. Acts 1969, 61st Leg.,
> ch. 845, p. 2527.

In 1973, the Texas 18 Year Old Bill was enacted. Art. 5923b, V. T. C. S. It provides in pertinent part as follows:

> Notwithstanding any statutory or decisional law,
> or any rule, regulation, or ordinance of this state
> or of any political subdivision or incorporated city
> or town of this state, a person who is at least 18
> years of age has all of the rights, privileges, and

> obligations of a person who is 21 years of age.  A law,
> rule, regulation, or ordinance which extends a right,
> privilege, or obligation to a person on the basis of
> a minimum age of 21, 20, or 19 years shall be inter-
> preted as prescribing a minimum age of 18 years.
> (Emphasis added)

Attorney General Opinion H-82 (1973) construed the 18 Year Old Bill as it related to a provision of the Probate Code specifying a different age for certain rights, privileges and obligations.  There we said:

> . . . Senate Bill 123 does not operate to amend [other
> statutes] but rather is a general law creating an additional
> class of people (18, 19, and 20 year olds) who, without
> regard to marriage or judicial removal of disabilities,
> are entitled to the same rights, privileges, and obligations
> previously reserved to those of another class (persons 21
> years of age and over), except as specifically provided
> otherwise in Senate Bill 123.  Henceforth, [the provision]
> of the Probate Code . . . and Senate Bill 123 must be read
> together and applied generally in all instances which con-
> dition limitations or privileges on the minority or majority
> status of an individual.
>
> . . .
>
> Senate Bill 123 effects the removal of disabilities of
> minority of those 18 years of age or older.

In Attorney General Opinion H-85 (1973) we found it necessary to advise that death benefits could not, after the effective date of Senate Bill 123, be paid under article 6228f, V. T. C. S., to a person as the surviving child of a deceased law enforcement officer or fireman if the person were 18 years of age of older. The statute defined "minor child" as meaning a child who had not reached the age of 21 years and provided that benefits to a child would cease when the child ceased to be a minor.  We said:

> In our opinion there is no escape from the conclusion
> that the statute confers rights and benefits dependent upon
> legal infancy . . .

> The definition must . . . be viewed in that
> context . . . [W]e must construe 'has not reached
> the age of 21 years' to mean 'has not been emanci-
> pated from the disabilities of minority. . . . '

And see, Cook v. Employees Retirement System of Texas, 514 S. W. 2d 329
(Tex. Civ. App. --Texarkana 1974, writ ref'd., n. r. e. )

However, not every statutory reference to "child" or "children" previously
meant "a person under the age of 21" or now means "a person under the age
of 18. " For instance, in Texas Probate Code, section 67(c), the term "children"
is defined to include "descendants of whatever degree they may be" without
reference to age.

Similarly, section 11. 01(1), Texas Family Code, now provides:

> As used in this subtitle and Subtitle C of this
> title, unless the context requires a different defini-
> tion:
>
> (1) 'Child' or 'minor' means a person under 18
> years of age who is not and has not been married or
> who has not had his disabilities of minority removed
> for general purposes.  'Adult' means any other
> person.

Although this definition may have an application beyond the Family Code, it
does not necessarily affect the particular definition of "dependent child"
in section 17, article 695c, V. T. C. S. In Ex parte Roloff, 510 S. W. 2d 913
(Tex. 1974), the Supreme Court held that "children" as used in section 8a,
article 695c, V. T. C. S., concerning child-care institutions, refers to children
under 16 years of age, and was unaffected in that regard by the enactment of the
18 Year Old Bill or the new Family Code.

In view of the Supreme Court's interpretation of section 8(a) of article
695c, and the purposes expressed by the enacting legislation, we are of the
opinion that in enacting sections 17 and 17-A of that article, the Legislature
did not intend "to confer rights and benefits dependent upon legal infancy, "
but instead intended (for other valid social reasons) to specify that certain
persons under 21 years of age would also qualify for the Texas AFDC program

without   regard to their legal infancy or adult status if they were
eligible by federal standards.  See Washington State Welfare Rights
Organization v. State, 511 P. 2d 990 (Wash. 1973); North Carolina Attorney
General Opinion (Oct. 28, 1971), reported in CCH Poverty Law Reporter,
Sec. 1205, 65 (1972).

You have been formally advised by the federal Department of Health,
Education and Welfare, we understand, that the new Texas statutes will not
affect the availability of federal aid because they have "no effect on 45 CFR
233. 30 which is a definition of 'child' for the purpose of the AFDC coverage."
Federal eligibility standards do control, and states participating in optional
programs are not permitted to deviate from them.  King v. Smith, supra;
Townsend v. Swank, supra; Carleson v. Remillard, supra.  If the persons
about whom you ask are eligible under federal law, then they must be con-
sidered eligible under state law in order for the state to continue participating
in the optional program.

In view of the foregoing we answer both of your questions in the negative.
Neither article 5923b, V. T. C. S., nor Family Code section 11. 01(1) preclude
the provision of AFDC benefits to persons in the categories you describe
if they remain eligible for such benefits under federal standards.  In view
of the HEW posture, we need not independently examine the "duty of support"
and "judicial determination" questions.

## S U M M A R Y

Article 5923b, V. T. C. S., and section 11. 01(1),
Texas Family Code, do not preclude the provision of
AFDC benefits to persons over the age of 18 years
but under the age of 21 years if they remain eligible
for such benefits under federal standards.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee