

# The Attorney General of Texas

June 3, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. H. S. Harris, Jr., Chairman
Texas Industrial Accident Board
200 East Riverside Drive
Austin, Texas   78704

Opinion No.   MW-354

Re: Whether payments made under article 8306, section 8(b) are terminated by marriage of minor child

Dear Mr. Harris:

Section 8 of article 8306, V.T.C.S., the Worker's Compensation Act, provides in pertinent part as follows:

> (a)  If death results from the injury, the association shall pay the legal beneficiaries of the deceased employee a weekly payment equal to. . . .

> (b)  . . . The weekly benefits payable to a child shall be continued until the child reaches eighteen (18) years of age, or beyond such age if actually dependent, or. . . .

You ask if the marriage of a minor daughter of a deceased employee renders her ineligible for payments under section 8.  We understand that the daughter was unmarried at the time of her parent's death.  You suggest that cases such as Cook v. Employees Retirement System, 514 S.W. 2d 329 (Tex. Civ. App. - Texarkana 1974, writ ref'd n.r.e.) and Ex parte Williams, 420 S.W. 2d 135 (Tex. 1967), as well as Attorney General Opinion H-85 (1973), might compel this conclusion.

Among other things, Ex parte Williams held that a court order was void insofar as it required a divorced father to make support payments to a married daughter under 21 years of age.  The case turned, however, upon the fact that, under article 4625, V.T.C.S., the married daughter was deemed to be of full age.  Because she was married and no longer a "minor," her father had no legal obligation to support her.  This case, which concerns a divorced father's obligation to support a married daughter under 21 years of age, has no bearing upon the question before us.

The Cook case dealt with article III, section 51-d, of the Texas Constitution and article 6228f, V.T.C.S.  Article III, section 51-d states that the legislature may provide for the payment of benefits to the surviving spouse "and minor children" of officers of police and fire departments.

Article 6228f governs assistance paid to the survivors of law enforcement officers under article III, section 51-d. It provides that "when any child entitled to benefits under this Act ceases to be a minor child as that term is defined herein, his entitlement to the benefits shall terminate. . . ." (Emphasis added). Sec. 3.

When Cook was decided, article 6228f provided that a minor child was one who, on the date of the violent death of a person covered by the act, had not reached 21 years of age. In Cook, the court held that article 5923b, V.T.C.S., the "eighteen year old law," changed the age of minority and thereby overrode article 6228f, so that after the effective date of article 5923b, an individual would become disqualified, upon reaching 18 years of age, from receiving further benefits. Marriage was not an issue in the case.

Attorney General Opinion H-85 (1973) discussed the effect of marriage upon the right to receive the benefits afforded by article 6228f. It concluded that marriage terminates an individual's right to receive said benefits. However, this conclusion followed from the fact that article 6228f provides that the right to receive benefits is available to "minor children." Children who marry are not "minors."

Unlike article 6228f, section 8(b) of article 8306 does not provide that the right to receive weekly payments is available to "minor children." On the contrary, it provides that benefits "shall be continued until the child reaches eighteen (18) years of age," and further, that they shall be continued beyond such age if the child is actually dependent or a student. See Industrial Accident Board v. Lance, 556 S.W. 2d 101 (Tex. Civ. App. - Amarillo 1977, no writ).

It has been suggested that when section 8 is read in pari materia with section 8a of article 8306, it becomes clear that the legislature intended that death benefits would only be available as a matter of right to "minors," and therefore, that marriage would terminate a child's entitlement to said benefits. Section 8a provides that:

> The compensation provided for in the foregoing section of this law [section 8] shall be for the sole and exclusive benefit. . . of the minor children. . . of the deceased employee. (Emphasis added).

Prior to its amendment in 1973, section 8 referred only to the "beneficiaries" of deceased employees. It did not refer to "children," whether "minor" or otherwise. Had the question been before us then, a reading of sections 8 and 8a would have warranted the conclusion that marriage terminates a child's entitlement to said benefits in most cases. But see Industrial Accident Board v. Lance, supra.

It is significant, however, that section 8(b) was enacted in 1973 by the same legislature that passed article 5923b, the "eighteen year old law." Had section 8(b) not been enacted, the effect of article 5923b upon sections 8 and 8a of article 8306 would have been to entitle children to death benefits until age eighteen unless they married prior to that time and therefore were no longer minors. The fact that the legislature passed section 8(b) in the same session indicates, in our opinion, that it did not intend

this result.  Instead, it intended that death benefits would continue until a child reaches eighteen, and thereafter if the child remains dependent or remains a student under the age of twenty five years, whether or not the child remains a minor in the eyes of the law.

Our conclusion is not altered by Freeman v. Texas Compensation Insurance Company, 603 S.W. 2d 186 (Tex. 1980), which was a suit to recover worker's compensation benefits for the widow and minor children of a deceased employee of Bell Telephone Company.  In that case, the court stated that:

> Our interpretation of section 8 is not inconsistent with section 8a of article 8306, which defines legal beneficiaries. . . . Death benefits are 'vested' in the sense that the status of a beneficiary as such is determined as of the date of the worker's death. (Emphasis added).

603 S.W. 2d at 190.  This language suggests that one must look to section 8a, which speaks in terms of "minor children," to determine whether a claimant is a "beneficiary" and therefore entitled to benefits under section 8.  But the court also stated that "[t] he effect of subsequent ineligibility is governed by section 8." Id.  The court also observed that:

> Section 8(b) deals with various contingencies affecting the duration of time for which the surviving spouse, children, or other beneficiaries remain eligible.  (Emphasis added).

Id. at 189.

Even if we assume that the above language is not dicta insofar as it concerns the question before us — which is questionable, because the court granted the application for writ of error only to determine whether the lower court had correctly computed the amount of benefits payable to the widow and her children upon her remarriage, and the question before us was not even tangentially before the court — we still reach the same conclusion under the facts stated.  A child under 18 who is unmarried at the time of her parent's death is legally a "minor" and, therefore, is a "beneficiary" under section 8a.  And under section 8(b), she would remain eligible for payments at least until she reached 18 years of age, regardless of whether she married prior to that time.

For the foregoing reasons, we answer your question in the negative.

### SUMMARY

The marriage of a daughter of a deceased employee does not render her ineligible for weekly payments under section 8(b) of article 8306, V.T.C.S., so long as she continues to be less than eighteen years of age.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Edna Ramon
Bruce Youngblood