

# The Attorney General of Texas

February 18, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

71 Texas, Suite 700
..ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Clayton T. Garrison
Executive Director
Employees Retirement System
   of Texas
P. O. Box 13207
Austin, Texas    78711

Opinion No. JM-427

Re:  Whether the per diem limit
tions of section 4 of article
of the General Appropriations /
apply to members of the Board
Trustees of the Employees Reti1
ment System

Dear Mr. Garrison:

You ask whether the limitations contained in section 4 of arti
V of the current General Appropriations Act, Acts 1985, 69th Le
ch. 980, at 7761, apply to members of the Board of Trustees of
Employees Retirement System of Texas.

In general, members of the state boards and commissions ;
entitled to per diem pursuant to article 6813f, V.T.C.S., in conju
tion with the General Appropriations Act.  See Attorney Gene
Opinions JM-382 (1985); JM-152 (1984); MW-388 (1981).  Section 4
article V of the current act provides:

> PER DIEM OF BOARD OR COMMISSION MEMBERS.  As
> authorized by Section 2 of Article 6813f, Texas
> Revised Civil Statutes Annotated, the per diem of
> state board and commission members shall consist
> of (1) the amounts of compensatory per diem at $30
> per day; (2) actual expenses for meals and lodging
> as authorized by this Act not to exceed the
> maximum amount allowed as a deduction for state
> legislators while away from home during a
> legislative session as established pursuant to
> the Internal Revenue Code 26 U.S.C. Section
> 162(i)(1)(B)(ii); and (3) transportation.  In the
> event the maximum amount allowed as a deduction
> for state legislators pursuant to the Internal
> Revenue Code as provided above is raised to an
> amount above $100, the maximum amount of the meals
> and lodging portion of the per diem paid to board
> and commission members under this section shall
> not exceed $100.  (Emphasis added).

The first paragraph of article V provides that

> [t]he provisions set forth in this and all other
> Articles of this Act are limitations <u>on the appro-</u>
> <u>priations made in this Act</u>.  It is the purpose of
> the Legislature in enacting this bill only to
> appropriate funds and to restrict and limit by its
> provisions the amount and conditions under which
> the appropriations can be expended.  (Emphasis
> added).

This provision reflects the constitutional principle that appropria-
tion bills should deal only with appropriations of funds; a rider to a
general appropriations bill cannot amend, modify, or repeal general
law.  <u>See</u> Tex. Const. art. III, §35; <u>Moore v. Sheppard</u>, 192 S.W.2d 559
(Tex. 1946); <u>Coates v. Windham</u>, 613 S.W.2d 572 (Tex. Civ. App. -
Austin 1981, no writ).

In light of these provisions, and assuming without deciding that
the board is a "state board" within article 6813f and article V of the
Appropriations Act, you suggest that section 4 of article V does not
apply to the board members because the funds from which the board
members' expenses are paid are not properly deemed "appropriated"
funds within the meaning of article V.  We agree with your conclusion.

It has been suggested that, regardless of whether the article V
limit applies directly to these funds, the measure established in
article V applies to the funds.  Section 25.208 of Title 110B provides
in subsection (a), as follows:

> The board of trustees shall compensate all
> persons whom it employs and shall pay all expenses
> necessary to operate the retirement system at rates
> and in amounts approved by the board.  <u>Those rates</u>
> <u>and amounts may not exceed those paid for the same</u>
> <u>or similar service for the state.</u> (Emphasis added).

This provision appears to apply to "all expenses necessary to
operate the retirement system."  Expenses necessary to operate the
retirement system arguably include per diem for board members.  Thus,
this section appears to limit the board to the article V limit
applicable to other state board members.  Section 25.208, however, is
in Subchapter C of Chapter 25 of Title 110B.  This subchapter, by its
title, deals with "Officers and Employees of [the] Board of Trustees."

In contrast, Subchapter A of chapter 25 deals with the "Board of
Trustees."  Section 25.006 of Subchapter A authorizes certain
trustees, subject to approval by the whole Board of Trustees, to
receive compensation and all expenses necessary to the performance of
their official duties:

(a) Trustees who are contributing members of the retirement system serve without compensation but are entitled to reimbursement for all necessary expenses that they incur in the performance of official board duties.

(b) Subject to the approval of the board of trustees, trustees who are not contributing members of the retirement system may receive:

(1) compensation; and

(2) all necessary expenses that they incur in the performance of official board duties.

Thus, if both section 25.006 and section 25.208 were to apply to trustees, they would be in conflict. We do not believe that the legislature intended this result. Moreover, when the legislature has limited or provided for something in one section of a statute and excluded it in another, it should not be implied where excluded. See generally Smith v. Baldwin, 611 S.W.2d 611,616 (Tex. 1980). Because the limit in section 25.208 does not appear in section 25.006, to imply such a limit would violate this well-settled rule of statutory construction.

The per diem authorized by section 25.006 of Title 110B, V.T.C.S., for board members is to be paid out of the "expense account" created by section 25.311 of Title 110B:

(a) The retirement system shall deposit in the expense account membership fees, money required to be transferred to the account under Section 25.314 of this subtitle, and any appropriations made by the legislature to the account.

(b) The retirement system shall pay from the expense account administration and maintenance expenses of the retirement system except those expenses the payment of which is provided for by Section 25.208(c) or 25.313(b) of this subtitle. (Emphasis added).

The section 25.311 expense account consists of 1) membership fees, 2) money transferred, pursuant to section 25.314(b), from the interest account, which consists of earnings from the investment of the assets of the Employees Retirement System, and 3) any appropriations made by the legislature to the account. The interest account includes earnings from investment of the system's assets. §25.310. The assets of the system include both employee and state contributions

to the system.  See §§25.401 - 25.403.  You suggest that the funds administered by the board, including this expense account, are not properly deemed "appropriated funds" within the meaning of article V because they are trust funds.  Because the portion of the account which consists of membership fees and earnings on the investment of employee contributions is more than sufficient to cover the per diem expense in question, we need not decide whether all of the funds in this expense account are "appropriated funds" within the meaning of article V.

In Attorney General Opinion WW-565 (1959), this office decided that certain funds administered by the Employees Retirement System "may be expended . . . in accordance with the general statutes pertaining to the [system] without prior specific appropriations by the Legislature."  See also Attorney General Opinions MW-276 (1980); H-681 (1975); M-949 (1971).  Attorney General Opinion WW-565 considered the scope of article VIII, section 6 of the Texas Constitution, a provision which prohibits the withdrawal of funds from the state treasury without a specific appropriation.  Relying on Friedman v. American Surety Company of New York, 151 S.W.2d 570, 579 (Tex. 1941), the opinion concluded that funds received by the Employees Retirement System from membership fees and earnings from the investment of the system's assets fall within an exception to these constitutional provisions as "trust" funds.

The funds provided for in the Employees Retirement System Act, in effect when Attorney General Opinion WW-565 was decided, were collected under statutory provisions which set the funds apart for the specific purposes for which they were collected; they could be used for no other purposes.  The opinion reasoned that the funds became the property of a public trust created for the benefit of the employees of the state -- not the property of the state in its sovereign capacity. See generally Friedman v. American Surety Company of New York, supra. Because the act governing the system did not contemplate that the funds were to be deposited in the state treasury, i.e., in the general revenue fund, but rather in a special trust fund held separately in the state treasury, the constitutional requirement for a specific appropriation for expenditures did not apply.  After this opinion was decided, language was adopted in the Texas Constitution which clarified that "[t]he assets of a [public retirement] system are held in trust for the benefit of members and may not be diverted."  Tex. Const. art. XVI, §67(a)(1).

We are aware that the Texas courts have held that an employee's interest in such trust funds is subject to the right of the legislature to amend the laws on which the pension systems are founded.  See, e.g., City of Dallas v. Trammell, 101 S.W.2d 1009, 1013 (Tex. 1937); Lack v. Lack, 584 S.W.2d 896, 900 (Tex. Civ. App. - Dallas 1979, writ ref'd n.r.e.); Cook v. Employees Retirement System of Texas, 514 S.W.2d 329, 331 (Tex. Civ. App. - Texarkana 1974, writ ref'd n.r.e.).

These cases, however, did not address article XVI, section 67, of the Texas Constitution, which was adopted by special election in 1975. As indicated, subsection (a)(1) of section 67 provides that "[t]he assets of a system are held in trust for the benefit of members and may not be diverted." It is unnecessary to delve into this issue at this time, because we do not address the right of an employee to trust funds in a retirement system; we address only the scope of the term "appropriated funds" under article V of the current Appropriations Act.

Applying the rationale of Opinion WW-565 to the case at hand compels the conclusion that, because a general appropriation is unnecessary for the expenditure of these funds, limitations on general appropriations are inapplicable to these constitutional trust funds. Accordingly, we conclude that the expense fund established by section 25.311, from which the members of the board of trustees are to be paid any per diem properly due under Title 110B, is composed of trust funds, not "appropriated funds" within the meaning of article V of the current General Appropriations Act to the extent that it consists of membership fees and interest on employee contributions. Thus, the limitations contained in section 4 of article V of the current Appropriations Act do not apply to the expenditure of such funds.

## S U M M A R Y

The portion of the expense fund established by section 25.311 of Title 110B, from which the members of the Board of Trustees of the Employees Retirement System of Texas are to be paid any per diem properly due them, is composed of funds held in trust for the employees of the state to the extent that it consists of membership fees and interest on employees' contributions. Because these are trust funds, rather than "appropriated funds" within the meaning of article V of the current General Appropriations Act, the limitations contained in section 4 of article V do not apply to the per diem which may be due a board member.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General