Jules ROSE, Appellant,

v.

Marlene Rose RUBENSTEIN, Appellee.

No. B14–84–838–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 4, 1985.
Rehearing Denied May 2, 1985.

Warren Hancock, Jr., Dixon & Hancock, Houston, for appellant.

Herbert N. Lackshin, Bernard Wm. Fischman, Lackshin & Nathan, Patricia L. Casey, Lackshin & Nathan, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Jules Rose appeals the denial of his request to modify child support. He presents five points of error. We affirm the trial court's order.

Jules Rose is the father of Edward Mark Rose ("Eddie"), a 24 year old, mildly retarded young man. Mr. Rose was divorced from Eddie's mother, Marlene Rose Rubenstein, when Eddie was 16 and a younger son David was 14. In the original divorce decree, the court ordered Mr. Rose to continue to pay child support for Eddie past his eighteenth birthday, pursuant to TEX. FAM. CODE ANN. § 14.05(b) (Vernon 1975). Mr. Rose was ordered to pay $750 per month for both children until David reached 18 years of age, and then to pay $375 per month for Eddie's continued support.

Eddie originally lived with his mother following the divorce, but for the past two years he has participated in a special independent-living program for mildly retarded adults in Baton Rouge, Louisiana. He lives alone in an apartment two blocks from the East Baton Rouge Parish office of the Special Children's Village. Social workers at this state agency supervise Eddie's progress by checking on him several times a week, co-signing his checks to pay his bills, and balancing his checkbook. Eddie currently works full time at a record store one block from his apartment where he operates a heat-sealing machine and earns approximately $560 per month. His expenses, as documented by his social worker, are approximately $862 per month. His total income for the past year amounted to

$8,938 ($4,438 from his own wages and $4,500 from his father's contributions). He receives no state or federal financial assistance. The trial court noted that the sum of $8,938 is below the poverty line.

Eddie's mother, Marlene Rubenstein, is still very much involved in her son's life and lives less than ten minutes from his apartment. She remarried about five years ago but is still in contact with Eddie daily. Although not under court order to provide continued financial support, Mr. and Mrs. Rubenstein have made significant financial contributions towards Eddie's well-being over the past several years, in addition to providing 100% of the emotional support needed in his progression towards independent living.

In contrast, Mr. Rose has neither seen nor spoken to his son for eight years. Mr. Rose owns his own business and makes at least $60,000 per year. He lives in a house purchased for $120,000 and has taken vacations to Las Vegas and Aruba in the recent past. The record indicates that Mr. Rose has $33,000 in his brokerage account, speculates in the commodities market, and invests in real estate. He belongs to a country club and occasionally gives parties at local restaurants. Mr. Rose testified that his income has not kept pace with inflation and that although he could still pay $375 per month, this amount was more than he "would like to pay." Mr. Rose also testified that he has never contributed to Eddie's support in excess of the court-ordered amount, yet he has paid and continues to pay all of the college expenses incurred by his younger son David, a senior at the University of Texas.

 In his first three points of error, Mr. Rose challenges the evidence upon which the court based its findings that Eddie requires continuous care and personal supervision because of a mental disability and that Eddie does not earn sufficient income from his current employment to be self-supporting. The record in this case includes a Statement of Facts in addition to certain findings listed in the trial court's order. When the record on appeal includes a Statement of Facts, the lower court's findings of fact are not conclusive; however, an appellate court will not disturb such findings if it finds any probative evidence in the record to support them. *Sanders v. Sanders*, 469 S.W.2d 313, 315 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ dism'd). In challenging the evidence and the trial court's findings, Mr. Rose argues that since Eddie lives alone in an apartment, he no longer requires "continuous care and personal supervision." Furthermore, since Eddie works full time, Mr. Rose contends that Eddie is able to support himself. We disagree with these assertions.

The Texas Family Code states:

If the Court finds that the child, whether institutionalized or not, *requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself,* the Court may order that payments for the support of the child shall be continued after the 18th birthday and extend for an indefinite period. (Emphasis added.)

TEX.FAM. CODE ANN. § 14.05(b) (Vernon 1975). The fact that Eddie now spends a percentage of his time alone does not mean that he no longer requires "continuous care and personal supervision." Words in a statute not specifically defined will be given their plain and ordinary meaning. *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex.1969). One of the definitions of "continuous" is "uninterrupted extension in time or sequence: continuing without intermission or recurring regularly after minute interruptions ... see CONTINUAL." *Webster's Third International Dictionary, Unabridged* 493–494 (1967). Under the word "continual" is found the following statement: "CONTINUAL is somewhat more common than CONTINUOUS in describing intermittent action, but both words are well-established and satisfactory in this sense." *Id.* at 493.

The social and psychological reports in the record indicate that while Eddie has made admirable progress towards indepen-

dent living, he will *always* need a certain degree of formal supervision. At the very least, he will likely require intermittent contact with state social workers indefinitely, perhaps for the rest of his life. This situation comports with the definitions above. We find ample evidence in the record that Eddie's circumstances meet the § 14.05(b) standard of continuous care and personal supervision.

▮ Mr. Rose next contends that Eddie is currently self-supporting. He argues that Eddie makes an adequate living because he works full time for slightly more than the minimum wage; therefore, he claims he should not have to supplement Eddie's income. The record is quite clear that Eddie's earnings of $560 per month do not cover his documented expenses of $862 per month. The Village social workers closely monitor and supervise Eddie's budget; thus, it is doubtful that his money is wasted in careless spending. Our review of the record indicates that Eddie is not currently self-supporting. We hold that the trial court entered proper findings of fact based on the evidence. The first three points of error are overruled.

▮ In the fourth point of error, we entertain Mr. Rose's complaint that the trial court abused its discretion in refusing at least to reduce the support payments. The trial court has wide latitude in determining support obligations, and an appellate court will overturn the trial court's decision only upon a clear abuse of discretion. *Stofer v. Linville*, 662 S.W.2d 783, 785 (Tex.App.—Houston [14th Dist.] 1983, no writ). We do not find an abuse of discretion in the case before us. The evidence clearly indicates that Mr. Rose enjoys substantial discretionary income. The difference between Eddie's earned income of $560 per month and his basic expenses of $862 per month reveals that Mr. Rose's contribution of $375 per month is necessary. We overrule point of error four.

▮ Lastly, Mr. Rose contends that § 14.05(b) of the Family Code deprives him of equal protection under the law. He argues that this provision is unconstitutional as applied to his situation because it imposes a continuing legal duty of support on Eddie's father with no such duty on Eddie's mother. Section 14.05(b) requires that an order for continuing support be entered before the child's eighteenth birthday. *Red v. Red*, 552 S.W.2d 90 (Tex.1977). Mr. Rose contends that since no court-ordered support obligation may now be entered against Mrs. Rubenstein, he is solely obligated to support Eddie without any hope of obtaining assistance in the future from the mother.

> Another Court of Appeals has stated:
>
> Tex. Family Code Ann. § 4.02 (1975) places on each spouse the duty to support the children of the marriage ... But this equality does not mean that "the court must divide the burden of support of the minor children equally between the parties" in terms of monetary contributions. *Cooper v. Cooper*, 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The court's order should reflect a due consideration of the respective abilities of the spouses to contribute. Nor should the non-monetary contributions of the parent who has the care, custody and control of the children be ignored, particularly where the other parent ... has determined to disassociate himself almost completely from the children.

*Jackman v. Jackman*, 533 S.W.2d 361, 364 (Tex.Civ.App.—San Antonio 1975, no writ). Although Eddie is not a minor child, we believe the sentiments expressed above also apply to his situation. In determining child support obligations, courts often recognize that parents make different contributions to a child's welfare. *See Grandinetti v. Grandinetti*, 600 S.W.2d 371 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ). Equal protection is not automatically lacking simply because one parent's contribution differs in kind from the other's, or because one parent is under court order to make child support payments and the other is not.

Although Mr. Rose contends that he is the only parent responsible for Eddie's support, the reality of Eddie's life indicates that nothing could be further from the truth. Mrs. Rubenstein makes an enormous contribution, both financially and emotionally, although not under court order to do so. There is no indication that she will withdraw her support. On the other hand, court-ordered payments constitute Mr. Rose's sole contribution since the divorce. There is no indication that Mr. Rose would make any contribution whatsoever if not ordered to do so.

We find that the application of § 14.05(b) does not currently deprive Mr. Rose of equal protection, even though Mrs. Rubenstein is not under court order to provide support and may not at this time be ordered to make § 14.05(b) payments. No unconstitutional discrimination exists under the facts of this case. Furthermore, we refuse to speculate as to any future, material changes in the lives of Eddie and his parents that could lead to unconstitutional discrimination against Mr. Rose. Should such changes occur, however, Mr. Rose would be free to petition once again for modification of child support. We overrule point of error five.

We find no reversible error and affirm the trial court's order.