

# NUMBER 13-13-00367-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF L.J.M.

---

**On appeal from the 256th District Court
of Dallas County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant L.C.M., the father of L.J.M., an adult child who is mentally and physically disabled, appeals from the trial court's order increasing his monthly child support.[1]  *See* TEX. FAM. CODE ANN. § 154.306 (West, Westlaw through 2013 3d C.S.).   In his sole issue, appellant argues that the trial court abused its discretion in upwardly modifying his support obligation to his adult disabled child.   We affirm.

---

[1] We use the parties' initials to protect L.J.M.'s privacy.

# I.   BACKGROUND[2]

Appellant and C.G.J., L.J.M.'s mother, divorced in 2006.   At the time of the divorce, their daughter, L.J.M., was 22 years old.   The final decree of divorce contains a finding that L.J.M. requires substantial care and personal supervision and will be unable to support herself.   Appellant was ordered to pay C.G.J. child support in the amount of $577.00 per month beginning in September 2012 and continuing each month thereafter until further order of the court.   The divorce decree did not contain any findings as to how this amount was determined.

The Office of the Attorney General of Texas (O.A.G.) filed a "Petition for Confirmation of Non-Agreed Child Support Review Order" on April 3, 2012, seeking to increase appellant's child support obligation.   Appellant filed a counter-petition to terminate or decrease his child support obligation.   C.G.J., although represented by counsel, did not file an answer or seek affirmative relief from the court.

The trial court held a hearing on the O.A.G.'s petition.   At the conclusion of the hearing, the trial court issued the following findings of fact and conclusions of law:

> In response to the request of Respondent, [L.C.M.], the Court makes and files the following as original Findings of Fact and Conclusions of Law in accordance with rules 296 and 297 of the Texas Rules of Civil Procedure and section 154.130 and 154.306 of the Texas Family Code.
>
> *Findings of Fact – SAPCR*
>
> 1.  [L.C.M.] is the biological father of the following child:
>
>> Name:  [L.J.M.]
>> Sex:  Female

[2] This case is before the Court on transfer from the Fifth Court of Appeals in Dallas pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. (West, Westlaw through 2013 3d C.S.).

Birth date:   [May 1984] [3]

*Findings of Fact*

2.  [L.J.M.], age 28, is an adult disabled child pursuant to Texas Family Code sec. 154.302.

3.  The Court finds that [L.J.M.] requires considerable existing and future care because of her mental and physical disability.

4.  The Court finds that [C.G.J] provides substantial care and personal supervision of [L.J.M.], and spends at least forty hours or more per week caring for [L.J.M.]

5.  The Court finds that [L.C.M.] does not provide any care or supervision for [L.J.M.] and that [L.C.M.] has not visited or spent any time with the child in several years.

6.  The Court finds that [C.G.J.] pays for daycare and all other personal expenses for [L.J.M.]

7.  The child's father, [L.C.M.], has monthly net resources in the amount of $5,132.37.

8.  The child's mother, [C.G.J.], has monthly net resources in the amount of $2,000.00.

9.  The child receives Medicare benefits in the amount of $128.00 per month.

10. The Court finds that attorney Lorenzo Brown should be awarded attorney's fees of $1,000.00 for the failure of [L.C.M.] to properly respond to discovery in this case.

*Findings of Fact as Conclusions of Law*

11. Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

*Conclusions of Law - Child Support*

12. [L.C.M.] should pay child support in the amount of $1,026.47 per month.

---

[3] We omit L.J.M.'s full date of birth for privacy reasons.

13. [L.C.M.] is ordered to pay attorney's fees for discovery abuse in the amount of $1,000.00.

(Some emphases omitted.) This appeal followed.

## II. STANDARD OF REVIEW

A judgment modifying child support is reviewed under an abuse of discretion standard. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *see In re A.M.W.*, 313 S.W.3d 887, 890 (Tex. App.—Dallas 2010, no pet.) (holding that a trial court has broad discretion in setting or modifying child support payments). A trial court's decision must be arbitrary, unreasonable, and without reference to guiding principles for the appeals court to determine there was an abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

In this family law context, legal and factual sufficiency are factors in determining whether there was an abuse of discretion by the trial court. *Stucki v. Stucki*, 222 S.W.3d 116, 119 (Tex. App.—Tyler 2006, no pet.). There is a two-prong test to determine whether the trial court abused its discretion because of insufficient evidence: (1) did the trial court have sufficient evidence to exercise its discretion; and (2) did the trial court err in the application of such discretion? *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.). The trial court is given the discretion on whether to believe the testimony of the witnesses and how to resolve conflicts in testimony. *In re M.P.M.*, 161 S.W.3d 650, 655 (Tex. App.—San Antonio 2005, no pet.)

When evaluating legal sufficiency of the evidence, the court must view all evidence in the light most favorable to the verdict and consider every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). "The final

4

test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the decision under review." *Id.* at 827. When reviewing factual sufficiency, the court examines all of the evidence in a neutral light; a finding will be set aside only if it is clearly wrong and contrary to the weight of the evidence. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Because the trial court filed findings of fact and conclusions of law, we are further guided by rule 299:

> [W]hen findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; *but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment.* Refusal of the court to make a finding requested shall be reviewable on appeal.

TEX. R. CIV. P. 299 (emphasis added).

### III.    APPLICABLE LAW

Under Texas Family Code section 154.306, the court shall determine and give special consideration to four factors when determining the support obligation for a child over eighteen years of age:   (1) any existing or future needs of the adult child directly related to the adult child's mental and physical disability; (2) whether the parent pays for or will pay for the care or supervision of the adult child or provides substantial care and personal supervision of the adult child; (3) the financial resources available to both parents for the support; and (4) any other resources or programs available for the support, care, and supervision of the adult child.   TEX. FAM. CODE ANN. § 154.306

5

## IV.    DISCUSSION

By one issue, appellant argues that the trial court misapplied the law by not giving special consideration to the four statutorily-required factors in section 154.306.   *See id.*

### A.    The Evidence

The only testimony at the hearing on the O.A.G.'s motion was from C.G.J.   She testified that she is the mother of L.J.M., who was age 28 at the time of the proceedings. C.G.J. has been married to her current husband for the past four years.   Together, the couple runs a funeral home; C.G.J. has worked as a funeral director since 1980.   C.G.J.'s salary from the funeral home is approximately $2,000 per month.   In addition to L.J.M., C.G.J. has a 23-year-old son, who lives at home but does not pay rent.   C.G.J. also has a step-daughter, age 6, who does not live at home but visits regularly.

C.G.J. testified that L.J.M. is "profoundly" mentally disabled.   L.J.M. only has a few vocabulary words, such as "momma," "bye," "granny," and "daddy."   Other than the listed words, C.G.J. considers L.J.M. nonverbal.   Because of her mental and physical disabilities, L.J.M. is unable to support herself.

L.J.M. previously lived in a group home in Grand Prairie for ten years.   C.G.J. testified that L.J.M. was extremely unhappy at the group home.   Upon returning from outings with C.G.J., L.J.M. would cry and refuse to get out of C.G.J.'s car.   C.G.J. also testified that L.J.M. would repeatedly say the word "momma" while at the group home, forcing the group home staff to call C.G.J.

In November of 2012, L.J.M. returned to live with C.G.J.   C.G.J. testified that she had been trying to remove L.J.M. from the group home for years, because she and L.J.M. were both unhappy about the situation.

6

C.G.J. testified that the cost to keep L.J.M. in the group home was $607 per month. C.G.J. also had additional expenses for L.J.M. while she lived at the home, including: $100 per month for toiletries; $60 per month for various activities; $100 per month for snacks; $120 per month for clothes; $125 per month for hair expenses; plus the cost of gas to transport L.J.M. back and forth. The total cost was $1,100, plus gas expenses.

Next, C.G.J. listed L.J.M.'s current expenses while living at her home. C.G.J. first discussed the caretaker who came by the house regularly. The caretaker charges $10 per hour, or a flat rate of $100 if she stays overnight. C.G.J. testified that the caretaker expense varied, but had ranged from $400 to $600 a month. In addition, other expenses for L.J.M. included: $50 a month for toiletries; $30 a month for diapers; $120 a month for clothing; $100 a month for gas; and $125 a month for hair expenses. These expenses total $900.

C.G.J. also testified about the financial resources given to her due to L.J.M.'s disabilities. L.J.M. receives $198 a month in Supplemental Security Income benefits and $1,000 a month in Medicaid benefits. The Medicaid benefits are for health care expenses related to L.J.M.'s cardiac problems; sedation procedures for L.J.M.'s heart problems cost $1,000 per year.

C.G.J. testified that in addition to the financial expenses, she spends a large amount of her time taking care of L.J.M. personally. On cross-examination, C.G.J. testified that she spends at least sixty hours a week taking care of L.J.M; C.G.J. testified that this amount of care would cost at least $3,000. During the weekend, C.G.J. testified that she spends the entire day caring for L.J.M.; appellant provides zero hours of care for L.J.M. In addition, C.G.J. testified that she tried to contact appellant about providing care

7

for L.J.M., but he never returns her calls and does not respond.

**B.    Analysis**

Appellant argues that the trial court incorrectly followed the child support guidelines under Texas Family Code section 154.125 and ordered him to pay twenty percent of his net resources.   *See* Tex. Fam. Code Ann. § 154.125 (West, Westlaw through 2013 3d C.S.) (listing child support guidelines for minor children based on the monthly net resources of the obligor and number of children).   Appellant argues that this rote application of section 154.125's twenty percent calculation shows that the trial court failed to give special consideration to the four statutorily-required factors under Texas Family Code section 154.306.   We disagree.   As set out below, the O.A.G. presented ample evidence touching on each of the four factors, which supported the trial court's findings of fact and conclusions of law.   *See id.* § 154.306; *see also* Tex. R. Civ. P. 299.

**1.    Existing or Future Needs—Section 154.306(i)**

C.G.J. testified that L.J.M. is permanently mentally and physically disabled and that her expenses while at the group home totaled around $1,100.00 per month.   After L.J.M. was removed from the group home and returned to live with C.G.J., her expenses of toiletries ($50 per month), transportation (around $100 per month), clothing (around $120 per month), and hair (around $125 per month) continued.   In addition, if C.G.J. cannot be at home, she also incurs the expense of a caretaker to provide service at her home for L.J.M.   The caretaker expense is $10 per hour, or $100 if the caretaker stays overnight.   L.J.M.'s current expenses living with C.G.J. total approximately $900 per month.   It is important to note that the total does not include dental expenses or the estimated value of C.G.J.'s personal care of L.J.M.

Here, there is ample evidence that L.J.M. has existing needs and will likely need substantial care and supervision for the indefinite future due to her mental and physical disability. *See Rose v. Rubenstein*, 693 S.W.2d 580, 582–83 (Tex. App.—Houston [14th Dist.] 1985, no pet.); *see also In re J.L.F.*, No. 04-01-00654-CV, 2002 WL 1625572, at *3 (Tex. App.—San Antonio July 24, 2002, no pet.) (not designated for publication). It is undisputed that L.J.M. has shown no signs of future improvement with regards to her mental and physical disability; she will need substantial care and supervision for now and in the indefinite future.

### 2.     Care for the Adult Disabled Child—Section 154.306(ii)

C.G.J. testified that she has personally provided care for L.J.M. as of November 2012, when L.J.M. began living with her. C.G.J. also testified that appellant has provided no care for L.J.M. *See Rose*, 693 S.W.2d at 583 (recognizing courts acknowledge that parents make different contributions to the child's welfare); *see also In re J.L.F.*, 2002 WL 1625572, at *13 (noting court heard substantial evidence with regards to the mother's personal care for the child, in contrast to the father, who did not provide daily care). In sum, the evidence shows that C.G.J. incurs $900 per month in expenses for L.J.M. and provides 100% of the care for L.J.M. From the testimony, there is a large discrepancy between what C.G.J. provides and what appellant provides.

### 3.     Financial Resources of Parents—Section 154.306(iii)

At the time of the hearing, appellant's monthly net resources were $5,132.37. C.G.J. testified that her monthly net resources from the funeral home were $2,000.00. Here, appellant clearly makes more than C.G.J. In addition, C.G.J. provides all of the personal care for L.J.M. In her testimony, she explained that her personal caregiving

was valued at $3,000 per month. The combination of appellant's salary and the substantial care C.G.J. provides for L.J.M. demonstrate that it is reasonable for appellant to pay $1,026.97 per month in child support. *See Worford*, 801 S.W.2d at 109–10 (holding that the father's net income along with the need of the child being placed in autistic treatment center justified the child support increase); *see also In re W.M.R.*, No. 02-11-0083-CV, 2012 WL 5356275, at *14 (Tex. App.—Fort Worth Nov. 1, 2012, no pet.) (mem. op.) (concluding that evidence showing the father's savings, salary, and other financial assets made it reasonable for him to pay a larger amount of support); *Krempp v. Krempp*, 590 S.W.2d 229, 231 (Tex. Civ. App.—Fort Worth 1979, no writ) (ordering father to pay $1,000 in child support after reviewing evidence of father's ownership of Mercedes-Benz and an airplane).

### 4. Financial Resources of Adult Disabled Child—Section 154.306(iv)

C.G.J. testified that L.J.M. receives $198.00 per month in Supplemental Security Income benefits. In addition, L.J.M. receives $1,000.00 a month in Medicaid benefits for her heart-related health care expenses. As the $1,000 per month goes to L.J.M.'s heart procedures, the $198 per month does not cover L.J.M.'s caretaker's expenses, which widely vary each month, or L.J.M.'s toiletries, snacks, or transportation. *See Rose*, 693 S.W.2d at 583 (noting that the child's $560 per month resources did not cover his expenses of $862 per month and holding that the child was not self-supporting). The amount that appellant was ordered to pay was not an unreasonable amount considering the many set and variable expenses incurred by C.G.J. while living with L.J.M.

### 5. Summary

Although the trial court's findings of fact did not expressly touch on all of the

foregoing evidence, its findings did encompass each of the four elements required by section 154.306. *See* TEX. R. CIV. P. 299. Thus, we cannot conclude that the trial court failed to consider the four factors. And we are permitted to supply by presumption the remaining facts supported by the evidence. *See* TEX. R. CIV. P. 299. We conclude that there was legally and factually sufficient evidence of the four factors under Texas Family Code section 154.306 so as to justify the upward modification of appellant's child support obligation. *See* TEX. FAM. CODE ANN. § 154.306. We overrule appellant's sole issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
3rd day of July, 2014.

11